McDONALD PONTIAC-CADILLAC-GMC, INC v PROSECUTING
ATTORNEY FOR THE COUNTY OF SAGINAW

Docket No. 82220. Submitted August 12, 1985, at Lansing.—Decided
March 18, 1986. Leave to appeal applied for.

Plaintiff, McDonald Ponitac-Cadillac-GMC, Inc., filed a complaint
in Saginaw Circuit Court against defendant, the Prosecuting
Attorney for the County of Saginaw, seeking a declaratory
judgment that the statute which prohibits the sale of automo-
biles on Sunday is unconstitutional. Plaintiff argued that the
statute, by making any act associated with the sale of automo-
biles on a Sunday a misdemeanor, while other merchants
located near plaintiff's business, including motor home and
motorcycle dealers, are allowed to sell their merchandise on
Sunday, violates its rights to due process and equal protection.
The circuit court, Joseph R. McDonald, J., ruled that the
statute is constitutional and denied the relief which plaintiff
sought. Plaintiff appealed. *Held:*

1. It is a well established rule of law under the separation of
powers doctrine that, absent a constitutional infringement, the
judiciary may not inquire into the reasonableness of the policy
which the Legislature pursues in enacting a statute. Nor may
the courts inquire into the knowledge, motives, or methods of
the Legislature in passing legislation. The circuit court cor-
rectly refused to determine the reasonableness of the statute,
as plaintiff urged.

2. The state is constitutionally empowered to regulate for the
health, safety, and welfare of the public. Although the Legisla-
ture has repealed most other laws proscribing commercial
activity on Sundays, the Legislature is not required to deal
with every aspect of a problem at the same time. The statute
violates neither due process nor equal protection guarantees.

REFERENCES

Am Jur 2d, Constitutional Law §§ 294-438.

Am Jur 2d, Courts §§ 111 *et seq.*

Validity, construction, and effect of "Sunday closing" or "Blue
Laws"-modern status. 10 ALR4th 246.

See also the annotations in the ALR3d/4th Quick Index under Due
Process; Separation of Powers.

The classification (persons engaged in the sale of automobiles), while it may appear harsh to automobile dealers, affects all members of that class equally and is not arbitrary. The Court of Appeals could not say that the government's interest in regulating automobile sales on Sundays has no rational basis.

Affirmed.

1. Constitutional Law — Separation of Powers.

Preserving the separate functions of the executive, Legislature, and judiciary is fundamental to our system of government, and is embodied in the Michigan Constitution; it is a well established rule of law that, absent an infringement of a constitutional right, the judiciary may not inquire into the reasonableness of the policy the Legislature uses in enacting a statute, nor may the courts inquire into the knowledge, motives, or methods of the Legislature in passing legislation (Const 1963, art 3, § 2).

2. Constitutional Law — Statutes — Courts.

The courts may determine the reasonableness of legislative action only when it impinges upon a constitutional right; in that case, the courts have a duty to determine whether a statute is valid or void as unconstitutional by analyzing whether the legislative act bears a reasonable relationship to a legitimate legislative purpose.

3. Constitutional Law — Statutes — Courts.

Legislation, challenged on a constitutional basis, is clothed in a presumption of constitutionality; every reasonable presumption must be indulged in favor of a statute's constitutionality; it is a court's duty to construe a statute as constitutional unless the contrary clearly appears.

4. Constitutional Law — Police Power — Statutes — Due Process.

A court, in reviewing the constitutionality of a statute enacted pursuant to the state's police power to determine whether the statute comports with due process, must determine whether the statute bears a reasonable relation to a permissible legislative objective.

5. Constitutional Law — Police Power — Statutes — Equal Protection.

A court, in reviewing the constitutionality of a statute challenged on equal protection grounds where neither a suspect class nor a fundamental right is involved, must uphold the statute if the statute rationally furthers the object of the legislation; in

dealing with socioeconomic legislation, if there is no discernible fundamental right at stake or if a particular protected class is not affected by the classification, the test is whether the challenged legislative classification is rationally related to a legitimate state interest.

6. CONSTITUTIONAL LAW — STATUTES — DUE PROCESS — EQUAL PROTECTION.

The statute which prohibits the sale of new or used automobiles on Sundays neither violates due process nor equal protection guarantees; while the statute may appear harsh to automobile dealers, it affects all of them equally and is not arbitrary; the Court of Appeals cannot say that the state's interest in regulating automobile sales on Sundays has no rational basis (MCL 435.251; MSA 9.2701).

*Thomas W. McDonald,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Mark J. Gaertner,* Assistant Prosecuting Attorney, for defendant.

Before: DANOF, C.J., and V. J. BRENNAN and J. H. GILLIS, JR.,* JJ.

PER CURIAM. Plaintiff appeals as of right from a December 5, 1984, order of the Saginaw County Circuit Court which denied plaintiff's request for declaratory relief from MCL 435.251; MSA 9.2701, which prohibits the sale of automobiles on Sunday.

Plaintiff is an automobile dealership, selling new and used automobiles, located on M-58 in Saginaw Township. Plaintiff has been operating this business since September 25, 1980, and employs over 125 people. Plaintiff claimed that other merchants located near plaintiff's business, including motor home and motorcycle dealers, are allowed to sell their products on Sunday, while he was prohibited by statute.

* Circuit judge, sitting on the Court of Appeals by assignment.

On March 14, 1983, plaintiff filed a complaint seeking a judgment declaring MCL 435.251; MSA 9.2701 unconstitutional. The trial court determined that the statute was constitutional and refused to strike it down. On appeal, plaintiff challenges the court's ruling. The defendant does not address the constitutional issue. Rather, defendant, as the prosecutor, asserts that the law must be enforced as it now stands.

Preserving the separate functions of the executive, Legislature, and judiciary is fundamental to our system of government, and is embodied in the Michigan Constitution at Const 1963, art 3, § 2. It is a well established rule of law that, absent an infringement of a constitutional right, the judiciary may not inquire into the reasonableness of the policy the Legislature pursues in enacting a statute. *Albert v Gibson,* 141 Mich 698; 105 NW 19 (1905). Nor may the courts inquire into the knowledge, motives, or methods of the Legislature in passing legislation. *C F Smith Co v Fitzgerald,* 270 Mich 659; 259 NW 352 (1935), *app dis* 296 US 659 (1935). Therefore, if plaintiff uses "reasonableness" to connote the wisdom or propriety of a statute, the trial court was correct in refusing to consider the reasonableness of the statute.

The courts may determine the "reasonableness" of legislative action only when it impinges upon a constitutional right. In that case, the courts have a duty to determine whether a statute is valid or void as unconstitutional by analyzing whether the legislative act bears a reasonable relationship to a legitimate legislative purpose. *Carolene Products Co v Thomson,* 276 Mich 172; 267 NW 608 (1936).

Count I of plaintiff's complaint alleges unconstitutionality by stating:

"6. That there is no reasonable relationship between

the remedy of prohibiting the sale of automobiles on Sunday and any alleged public purpose to be served by said Statute.

"7. That said Statute is an invalid use of police power, for the reason that said Statue does not promote the public health, safety or welfare."

This requested the trial court to delve into the propriety of the Sunday closing law, which the court correctly refused to do.

Count II of plaintiff's complaint alleged a violation of equal protection and due process, and the trial court addressed the issue of whether classifying auto dealers separately from other merchants bore a reasonable relationship to the underlying purpose of the Sunday closing law. It found the classification not wholly arbitrary or unreasonable and, therefore, valid.

In summary, courts may determine the reasonableness of the relationship between a statute and the legislative purpose behind it when its constitutionality is challenged, but may not determine the reasonableness of the Legislature's purpose.

Plaintiff asserts that MCL 435.251; MSA 9.2701 is an invalid exercise of police power because it is not rationally related to any purpose. Plaintiff also contends that it is a violation of equal protection and unconstitutionally vague. Since this legislation affects only plaintiff's economic interest, a mere rational relationship to a legitimate legislative purpose is required to find the statute constitutional. See *Michigan State Employees Ass'n v MESC,* 94 Mich App 677; 290 NW2d 729 (1980). It is undisputed that the state has the power to regulate for the health, safety, and welfare of the public. Const 1963, art 4, § 51.

The statute, along with its preamble, states:

"CAR SALES
"P.A. 1953, No. 66, Imd. Eff. May 12

"AN ACT to prohibit the opening of any retail or wholesale new and used car business on the first day of the week, commonly called Sunday, for the purpose of carrying on or engaging in the business of offering to buy, sell, exchange, trade or participate in the negotiation thereof of any type or kind of automobile, on the first day of the week, commonly called Sunday.

"435.251 Motor vehicles; sale on Sunday unlawful; exception

"Sec. 1. It shall be unlawful for any person, firm or corporation to engage in the business of buying, selling, trading or exchanging new, used or second-hand motor vehicles or offering to buy, sell, trade or exchange, or participate in the negotiation thereof, or attempt to buy, sell, trade or exchange any motor vehicle or interest therein, or of any written instrument pertaining thereto, on the first day of the week, commonly called Sunday."

The goal of the Legislature in enacting MCL 435.251; MSA 9.2701 is not revealed in the statute's preamble. Plaintiff alleges that the purpose could not be to set aside Sunday as a day of rest because the Legislature has repealed other Sunday statutes. However, the Legislature may have intended that goal, and to inquire as to why it has not repealed MCL 435.251; MSA 9.2701, when it has repealed other Sunday statutes, is to improperly inquire into the Legislature's motives.

Further purposes of MCL 435.251; MSA 9.2701 were suggested by the trial court in its opinion: difficulty of ascertaining title and existence of liens, inability to obtain insurance and financing or secure mechanical services (with a greater possibility of driving defective automobiles), and the greater burden on police agencies due to potential auto theft. All of these may constitute purposes of the statute to which being closed on Sunday reasonably relates.

The appropriate Michigan law for review of this matter is as follows: "Legislation challenged on a constitutional basis is 'clothed in a presumption of constitutionality.'" *Johnson v Harnischfeger Corp,* 414 Mich 102, 112; 323 NW2d 912 (1982); *Shavers v Attorney General,* 402 Mich 554, 612; 267 NW2d 72 (1978). "[E]very reasonable presumption * * * must be indulged in favor of [a statute's] constitutionality." *Rohan v Detroit Racing Ass'n,* 314 Mich 326, 342; 22 NW2d 433 (1946). It is a court's duty to construe a statute as constitutional unless the contrary clearly appears. *People v McLeod,* 407 Mich 632, 657; 288 NW2d 909 (1980); *Rohan, supra.*

The burden is on the individual challenging the statutory classification to show that the classification is without reasonable justification or basis. *Eastway v Eisenga,* 420 Mich 410, 420; 362 NW2d 684 (1984), *reh den* 421 Mich 1202 (1985); *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975). The objector must show that the classification is arbitrary. *Johnson v Harnischfeger Corp, supra,* p 113.

"The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective." *Shavers, supra,* p 612.

The test for an equal protection determination is "essentially the same". *Shavers, supra,* pp 612-613.

If "neither a suspect class nor a fundamental right is involved in the [legislative] classification, it will be upheld in the face of an equal protection challenge * * * if it rationally furthers the object of the legislation". *People v McLeod,* 407 Mich 632, 663; 288 NW2d 909 (1980). In dealing with socioe-

conomic legislation, if there is no discernable fundamental right at stake or if a particular protected class is not affected by the classification, the test is whether the challenged legislative classification is rationally related to a legitimate state interest. *Michigan State Employees Ass'n v MESC,* 94 Mich App 677; 290 NW2d 729 (1980). Under the traditional equal protection analysis, if the classification is rationally related to a legitimate governmental interest, the legislative classification must be sustained. *Shavers, supra,* p 613. "A party attacking a statutory classification on equal protection grounds has the heavy burden of demonstrating that the classification lacks a reasonable basis." *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978); *Manistee Bank & Trust Co, supra,* p 668.

"[I]n the face of a due process or equal protection challenge 'where legislative judgment is drawn in question', a court's inquiry must be restricted to the issue whether any state of facts either known or which can reasonably be assumed affords support for it'." *Shavers, supra,* pp 613-614.

See also *Eastway v Eisenga, supra,* p 420; *Manistee Bank, supra,* p 668; *McAvoy v H B Sherman Co,* 401 Mich 419, 453-454; 258 NW2d 414 (1977).

We point out that: " '[T]he Equal Protection Clause does not require that a state must choose between attacking every aspect of a problem or not attacking the problem at all.' " *Manistee Bank, supra,* p 672. The appellate courts "do not sit 'as a superlegislature to judge the wisdom or desirablity of legislative policy determinations. We sit as a court to determine whether there is a rational basis for the Legislature's judgment. If there is, then that judgment must be sustained.' " *O'Donnell v State Farm Mutual Automobile Ins Co,* 404

Mich 524, 543; 273 NW2d 829 (1979), *app dis* 444 US 803 (1979).

Although the Legislature has repealed most other "Sunday" laws, the Legislature is not required "to deal with every aspect of a problem at the same time". *O'Donnell, supra,* p 543. Under the constitutional tests as outlined above, we find that the classification in question violates neither due process nor equal protection guarantees. The classification, while it may appear harsh to automobile dealers, affects all members of that class equally and is not arbitrary as it stands. We cannot say that the government's interest in regulating automobile sales on Sundays has no rational basis and we are not going to be tempted to open the floodgates to declare all regulatory legislation of Sunday sales unconstitutional.

We, as did the court below, find no constitutional impediment to the effects of the statute, nor do we find it unreasonable or arbitrary.

Affirmed.