PEOPLE v QUALLS

Docket No. 86352. Submitted June 18, 1986, at Detroit. Decided
February 3, 1987. Leave to appeal applied for.

Glen Qualls was charged in 36th District Court with storage of
fireworks in amounts greater than one hundred pounds in a
retail store and failure to allow a fire official to perform and
complete inspection of a premises, both in violation of the
Detroit Fire Prevention Code, and for refusing entry of a duly
authorized city representative for the purpose of making a
lawful inspection. The district court, Daphne Means-Curtice, J.,
dismissed all three counts, holding that the fireworks storage
provision of the Detroit Fire Prevention Code was unconstitu-
tional in that it was not rationally related to the city's exercise
of its police powers and that it was also not enforceable in that
it was in direct conflict with state statute and national stan-
dards. The City of Detroit appealed to the Recorder's Court of
Detroit. The Recorder's Court, Samuel C. Gardner, J., reversed
the decision of the district court and ordered the matter re-
manded to the district court for trial on the storage of fire-
works count. Defendant appealed by leave granted.

The Court of Appeals *held:*

1. The fact that the Detroit ordinance speaks of a gross
weight of one hundred pounds while the state statute and
national standards speak of a net weight of one hundred
pounds does not make the ordinance in direct conflict with the
statute and national standards, since the ordinance deals with
retail stores while the statute deals with wholesalers, dealers
and jobbers and the national standards deal with process
buildings, magazines and storage buildings. Since the ordinance
is not in direct conflict with the state statute, enforcement of

REFERENCES

Am Jur 2d, Explosions and Explosives §§ 2, 3.
Am Jur 2d, Municipal Corporations, Counties, and Other Political
    Subdivisions §§ 361 *et seq.,* 389.
Liability in connection with fire or explosion of explosives while
    being stored or transported. 35 ALR3d 1177.
Municipality's liability for injury or damage from explosion or
    burning of substance stored by third person under municipal
    permit. 17 ALR2d 683.

the ordinance is not precluded by the existence of the state statute.

2. The ordinance is rationally related to the city's power to protect the health, safety and welfare of its citizens.

Affirmed.

1. EXPLOSIONS AND EXPLOSIVES — FIREWORKS — ORDINANCES.

The City of Detroit ordinance limiting the storage of fireworks in retail stores to fireworks of a gross weight of less than one hundred pounds is not in direct conflict with either state statute or national standards, since the state statute applies to wholesalers, dealers and jobbers and the national standards apply to process buildings, magazines and storage buildings; accordingly, the City of Detroit was not precluded from enacting the ordinance (Detroit Ordinances, § 23-4-9).

2. EXPLOSIONS AND EXPLOSIVES — FIREWORKS — ORDINANCES — PO-
LICE POWERS.

The City of Detroit ordinance limiting the storage of fireworks in retail stores is rationally related to the city's power to protect safety, health and welfare (Detroit Ordinances, §§ 23-1-1.1, 23-4-9).

3. CONSTITUTIONAL LAW — ORDINANCES — QUESTIONS OF LAW.

The determination of the constitutionality of an ordinance is a question of law rather than a question of fact.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Joseph N. Baltimore* and *Darnelle Dickerson,* Assistant Corporation Counsel, for the City of Detroit.

*Hugh M. Davis, Jr.,* for defendant.

Before: ALLEN, P.J., and WAHLS and M. WAR-
SHAWSKY,* JJ.

PER CURIAM. Defendant, Glen Qualls, appeals by leave granted from a decision of the Recorder's Court of Detroit to remand this case back to the district court for trial. We affirm the decision of the Recorder's Court.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On July 2, 1984, a Detroit fire inspector went to defendant's retail outlet and observed a quantity of fireworks in excess of the allowable amount prescribed in the City of Detroit Fire Prevention Code, Detroit Ordinances, § 23-4-9.2 (now § 9-3-70). As a result of this visit and a subsequent one, defendant was charged with three misdemeanor violations of the city's ordinances: (1) failure to limit storage of fireworks to an amount under one hundred pounds, contrary to § 23-4-9 (now § 19-3-70); (2) failure to allow a fire official to perform and complete inspections of the premises contrary to § 2-1-3.4 (now § 19-3-19[h][5]); and (3) refusing entry of a duly authorized city representative for the purpose of making lawful inspection contrary to § 31-1-9. The district court dismissed all three counts. On appeal, the Recorder's Court remanded the case for trial on count one, the storage of excess fireworks charge.

It is well established that the City of Detroit has the power to pass ordinances to protect the health, welfare, and safety of the people therein. Detroit is a home rule city. "Except as limited by the Constitution or by statute, the police power of Detroit as a home rule city is of the same general scope and nature as that of the State." *People v Sell*, 310 Mich 305, 315; 17 NW2d 193 (1945).

A home rule city may regulate the storage of fireworks in retail stores pursuant to its police power. This includes the power to protect the safety, health, and welfare of the public. See *City Comm of Jackson v Hirschman*, 253 Mich 596, 599; 235 NW 265 (1931); *1426 Woodward Avenue Corp v Wolff*, 312 Mich 352, 369; 20 NW2d 217 (1945).

The Detroit fireworks ordinance in the Fire Prevention Code deals specifically with fireworks stored in retail outlets. The ordinance provides in pertinent part:

The storage of fireworks in a place of retail sales shall be limited to a gross weight of less than one hundred (100) pounds and shall be stored in a Type 2 Indoor Magazine. Places of storage other than retail sales shall meet the minimum requirements of Pamphlet 44A (Manufacture, Transportation and Storage of Fireworks) of the National Fire Protection Association. Percent of the permitted storage amount in a place of retail sales shall be on display. All fireworks in places of retail sales shall be returned to the magazine at the end of the business day. [Detroit Ordinances, § 23-4-9.2.]

The Fire Prevention Code, Detroit Ordinances, § 23-1-1.1, further provides:

Purpose. It is the purpose of this Code to prescribe regulations consistent with nationally recognized good practice for the safeguarding to a reasonable degree of life and property from the hazards of fire and explosion arising from the storage, handling and use of hazardous substances, materials and devices, and from conditions hazardous to life or property in the use or occupancy of buildings, structures or premises. Compliance with all existing Ordinances of the City of Detroit and laws, rules or regulations of the State of Michigan or compliance with approved nationally recognized safety standards shall be deemed to be prima facie evidence of compliance with this intent and purpose.

Defendant's first argument is that the fireworks ordinance is in conflict with the Michigan statute, MCL 750.243d; MSA 28.440(4), and the national standard found in the National Fire Protection Association Code No. 1124 (formerly 44A) and that, therefore, the ordinance must fail.

A municipality is precluded from enacting an ordinance if the ordinance is in direct conflict with the state statutory scheme. *Walsh v River Rouge,*

385 Mich 623, 635; 189 NW2d 318 (1971); *Builders Ass'n v Detroit,* 295 Mich 272, 275; 294 NW 677 (1940). A direct conflict exists when the ordinance prohibits what the statute permits. *Walsh, supra,* p 637; *Builders Ass'n, supra,* p 277.

In the present case, the city fireworks ordinance refers to gross weight, though the state statute and national standards use net weight. As a result, the maximum weight of fireworks a person may stock is substantially lower under the ordinance than under the other two provisions.

We hold that the Detroit fireworks ordinance is not in direct conflict with either the state statute or the national standards. The state statute applies to wholesalers, dealers, and jobbers. It was specifically amended to except retailers in 1980. The national standards apply to process buildings, magazines, and storage buildings. The ordinance applies to retail stores.

Defendant's next argument is that there is no rational basis for the ordinance. We conclude that this argument must be rejected. Apparently, defendant's argument is based on substantive due process standards.

The Supreme Court noted in *Shavers v Attorney General,* 402 Mich 554, 612-614; 267 NW2d 72 (1978), reh den 403 Mich 958 (1978), cert den 442 US 934 (1979):

> The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective. See *Michigan Canners v Agricultural Board,* 397 Mich 337, 343-344; 245 NW2d 1 (1976).
>
> The test to determine whether a statute enacted pursuant to the police power comports with equal protection is, essentially, the same. . . .
>
>     . . . [I]n the face of a due process or equal

protection challenge, "where the legislative judgment is drawn in question", a court's inquiry "must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it". *United States v Carolene Products Co,* 304 US 144, 154; 58 S Ct 778; 82 L Ed 1234 (1938). A corollary to this rule is that where the legislative judgment *is supported by "any state of facts either known or which could reasonably be assumed",* although such facts may be "debatable", the legislative judgment must be accepted. *Carolene Products Co v Thomson,* 276 Mich 172, 178; 267 NW 608 (1936). [Emphasiss in original. *Shavers, supra,* pp 612-614.]

Statutes are presumed valid; the burden of rebutting that presumption is on the person challenging the statute. *Id.,* p 614. The presumption of validity also applies to city ordinances. *1426 Woodward Avenue Corp, supra,* p 357.

We believe that the ordinance in question is rationally related to the city's power to protect safety, health, and welfare. Obviously, fireworks are explosive and can cause great harm, especially when a large quantity is ignited. Clearly, limiting the amount of stored fireworks in a retail store located in a highly populated area is rationally related to safety.

Defendant's last contention is that the Recorder's Court erred in reversing the district court's finding that the fireworks ordinance was unconstitutional because "there was substantial and uncontradicted expert testimony on which to base findings of fact and conclusions of law." This argument lacks merit.

Prior to dismissing the three counts against defendant, the district court held an evidentiary hearing on defendant's motion for dismissal. At that hearing defendant presented testimony of an

expert witness on pyrotechnics and regulatory schemes regarding pyrotechnics. Relying on that testimony, the district court held that the ordinance was unconstitutional. Apparently, defendant is arguing that because the district court's determination as to the constitutionality of the ordinance was based on evidence, it was a finding of fact and, thus, should not be overturned unless the finding was clearly erroneous. Defendant failed to support its argument with citations to any authority. "A party may not leave it to this Court to search for authority to sustain or reject its position. A statement of position without supporting citation is insufficient to bring an issue before this Court." *Butler v DAIIE,* 121 Mich App 727, 737; 329 NW2d 781 (1982). Furthermore, it is well established that constitutionality is not a question of fact but one of law. 75 Am Jur 2d, Trial, § 414, p 452. Consequently, defendant's suggestion that the district court's decision should be reviewed under the standards used for review of factual questions must be rejected.

Remanded to the district court for trial on count one.