PEOPLE v QUALLS (ON REMAND)

Docket No. 103001. Submitted September 1, 1987, at Lansing. Decided February 17, 1988.

   Defendant, Glen Qualls, was charged in 36th District Court with storage of fireworks in amounts greater than one hundred pounds in a retail store and failure to allow a fire official to perform and complete inspection of a premises, both in violation of the Detroit Fire Prevention Code, and for refusing entry of a duly authorized city representative for the purpose of making a lawful inspection. The district court, Daphne Means-Curtice, J., dismissed all three counts, holding that the fireworks storage provision of the Detroit Fire Prevention Code was unconstitutional in that it was not rationally related to the city's exercise of its police powers and that it was also not enforceable in that it was in direct conflict with state statute and national standards. The City of Detroit appealed to the Recorder's Court of Detroit. The Recorder's Court, Samuel C. Gardner, J., reversed the decision of the district court and ordered the matter remanded to the district court for trial on the storage of fireworks count. Defendant appealed by leave granted. The Court of Appeals affirmed, rejecting defendant's argument that the fireworks ordinance was in conflict with state statute or federal standards and that it was not rationally related to the city's objective of protecting the safety, health, and welfare of its residents. 157 Mich App 552 (1987). Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for an expanded opinion addressing: (a) the content and the significance, if any, of the factual record made in the 36th District Court; (b) the significance, if any, of the proceedings in Wayne Circuit Court files 81-129784-CZ and 85-515546-CZ (including any resolution of the pending appeal in the latter case); and (c)

REFERENCES

Am Jur 2d, Courts §§ 21, 22, 87 et seq.; 111 et seq.

Am Jur 2d, Explosions and Explosives §§ 3, 121.

Liability in connection with fire or explosion of explosives while being stored or transported. 35 ALR3d 1177.

the rationale employed by the Detroit Recorder's Court in its decision to reverse in part the judgment of the 36th District Court and remand this case for trial. 428 Mich 918 (1987).

The Court of Appeals, on remand, *held:*

1. The rationale of the Recorder's Court—that a Wayne Circuit Court judgment upholding the constitutionality of the challenged fireworks ordinance operated as binding precedent on the Recorder's Court—was incorrect.

2. In view of the evidentiary record produced in the 36th District Court, defendant carried his burden of rebutting the presumption of constitutionality of the challenged ordinance so as to establish that the ordinance is not rationally related to the city's objective of protecting the safety, health, and welfare of its residents and thus does not represent an exercise of the city's police power within the ambit of due process and equal protection. The district court's findings of fact were not clearly erroneous. The district court properly concluded that the ordinance, to the extent that it limits the retail storage of class c fireworks to one hundred pounds gross weight, is unconstitutional.

3. In light of the extensive record generated by defendant in the 36th District Court in this case regarding the safety of the retail storage of more than one hundred pounds gross weight of class c fireworks, the abbreviated proceedings in Wayne Circuit Court case 81-129784-CZ are of no significance to the Court of Appeals in its resolution of the constitutional issue at bar.

4. The proceedings in Wayne Circuit Court case 85-515546-CZ and its appeal are of no significance to the Court of Appeals in its resolution of the constitutional issue at bar.

5. The holding of the Recorder's Court is reversed, and that of the 36th District Court is affirmed, regarding the rational relation between that portion of the fireworks ordinance prohibiting the retail storage of more than one hundred pounds gross weight of fireworks and the city's objective of protecting the safety, health, and welfare of its residents.

Reversed.

1. COURTS — JURISDICTION — DETROIT RECORDER'S COURT — WAYNE CIRCUIT COURT — 36TH DISTRICT COURT.

There exists a right of appeal to the Detroit Recorder's Court in a misdemeanor or ordinance violation case tried in the 36th District Court; a final judgment or order made by the Detroit Recorder's Court in a misdemeanor or ordinance violation case from the 36th District Court is appealable to the Court of Appeals by leave granted; the Detroit Recorder's Court and the

Wayne Circuit Court no longer share a relationship of inferiority and superiority, respectively, in such ordinance violation cases, but instead, since January 1, 1982, enjoy equal footing (MCL 600.308[2][C], 600.8342[2], 770.3.[1][c]; MSA 27A.308[2][C], 27A.8342[2], 28.1100[1][c]; MCR 7.101[A][1], 7.203[B][2]).

2. EXPLOSIONS AND EXPLOSIVES — FIREWORKS — ORDINANCES — PO-
   LICE POWER.

   The City of Detroit ordinance prohibiting the retail storage of more than one hundred pounds gross weight of fireworks is not rationally related to the city's objective of protecting the safety, health, and welfare of its residents, and thus represents an impermissible exercise of the city's police power (Detroit Ordinances, § 23-4-9.2).

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Joseph N. Baltimore* and *Darnelle Dickerson,* Assistant Corporation Counsel, for the City of Detroit.

*Hugh M. Davis, Jr.,* for defendant.

### ON REMAND

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. This case comes before us on remand from the Supreme Court. 428 Mich 918 (1987). The underlying facts were set forth in our prior opinion:

> On July 2, 1984, a Detroit fire inspector went to defendant's retail outlet and observed a quantity of fireworks in excess of the allowable amount prescribed in the City of Detroit Fire Prevention Code, Detroit Ordinances, § 23-4-9.2 (now § 9-3-70). As a result of this visit and a subsequent one, defendant was charged with three misdemeanor violations of the city's ordinances: (1) failure to limit storage of fireworks to an amount under one hundred pounds, contrary to § 23-4-9 (now § 19-3-

70); (2) failure to allow a fire official to perform and complete inspections of the premises contrary to § 2-1-3.4 (now § 19-3-19[h][5]); and (3) refusing entry of a duly authorized city representative for the purpose of making lawful inspection contrary to § 31-1-9. The district court dismissed all three counts. On appeal, the Recorder's Court remanded the case for trial on count one, the storage of excess fireworks charge. [*People v Qualls,* 157 Mich App 552, 554; 403 NW2d 594 (1987).]

We affirmed, rejecting defendant's argument that the fireworks ordinance was in conflict with state statute or federal standards and that it was not rationally related to the city's objective of protecting the safety, health, and welfare of its residents. On remand, the Supreme Court has ordered us to consider the rationale employed by the Detroit Recorder's Court in its decision to reverse in part the judgment of the 36th District Court and remand the case for trial; the content and the significance, if any, of the factual record generated in this case in the 36th District Court; and the significance, if any, of the proceedings in Wayne Circuit Court cases 81-129784-CZ and 85-515546-CZ, including any resolution of the appeal in the latter case.

I

First, we address the issue regarding the rationale employed by the Detroit Recorder's Court in its decision to reverse in part the judgment of the 36th District Court and remand this case for trial. The Recorder's Court, in its opinion dated May 23, 1985, reasoned that it was precluded, under the principle of stare decisis, from concluding that the fireworks ordinance at issue was unconstitutional. Specifically, it explained that it was bound by a

recent decision issued by the Wayne Circuit Court upholding the constitutionality of the pertinent ordinance provision:

> The Plaintiff-City appeals claiming that the Ordinance is constitutional and was so declared in an order signed by Judge John Hausner of the Wayne County Circuit Court May 14, 1984. The City claims the trial court was bound by this determination of unconstitutionality [sic].
>
> * * *
>
> This Court agrees with the City's contention that the trial court was bound by the decision of the Wayne County Circuit Court. As the Wayne County Circuit Court is a superior court in relation to the 36th District, the latter court was bound by the determination of constitutionality. This court, not being one which is superior to the Circuit Court, is likewise bound by that determination.

We find that the Recorder's Court's rationale on this issue is infirm.

Prior to certain statutory changes, to be discussed below, it was well established that the Detroit Recorder's Court possessed a bifurcated jurisdiction under which it was not an inferior court to the circuit court in matters of state criminal cases but was an inferior court to the circuit court in matters of Detroit city ordinance violations. See, e.g., *Gray v Recorder's Court Judges,* 51 Mich App 386, 390; 215 NW2d 198 (1974), *Detroit v Recorder's Court Judge,* 104 Mich App 214, 223; 304 NW2d 829 (1981), lv den 413 Mich 866 (1982), and *Detroit v Wayne Circuit Judge,* 233 Mich 356; 206 NW 582 (1925). Thus, the Supreme Court stated:

> The legislature has the constitutional right to create any court and to vest it with whatever

jurisdiction it pleases, provided only that it shall be inferior to the Supreme Court. In creating the recorder's court for the city of Detroit, it seems to have conferred upon it jurisdiction equal to the circuit court in cases involving the general criminal laws of the State. As to this jurisdiction the circuit court of Wayne county has no supervisory control. But in cases involving the violation of city ordinances it has not been given jurisdiction of equal character to that of the circuit court, and is therefore an inferior court, whose proceedings the circuit court may review . . . . [*Detroit v Wayne Circuit Judge, supra,* pp 361-362.]

In 1981, the Legislature enacted certain statutory changes, however, which modified the judicial jurisdiction in Detroit ordinance cases. 1981 PA 205 and 1981 PA 206, effective January 1, 1982. In a misdemeanor or ordinance violation case tried in the 36th District Court, there exists a right of appeal to the Detroit Recorder's Court. MCL 770.3(1)(c); MSA 28.1100(1)(c), MCL 600.8342(2); MSA 27A.8342(2). See also MCR 7.101(A)(1). Formerly, an ordinance violation case tried in the traffic and ordinance division of the Detroit Recorder's Court was appealable as of right to the Wayne Circuit Court. However, the 1981 statutory amendments provided that a final judgment or order made by the Detroit Recorder's Court in a misdemeanor or ordinance violation case from the 36th District Court is appealable to the Court of Appeals by leave granted. MCL 600.308(2)(C); MSA 27A.308(2)(C). See also MCR 7.203(B)(2). Thus, in ordinance violation cases reviewed on appeal from the 36th District Court by the Detroit Recorder's Court, an aggrieved party must seek further appellate review not in the circuit court, as before, but in the Court of Appeals. As a consequence, in such ordinance violation cases, the Detroit Recorder's Court and the Wayne Circuit Court no longer

share a relationship of inferiority and superiority, respectively, but instead now enjoy an equal footing, with their final judgments and orders being subject to review by this Court.

In light of these statutory changes, we believe that the rationale of the Recorder's Court in this case recited in support of its decision to reverse in part the judgment of the 36th District Court—i.e., that a circuit court judgment upholding the constitutionality of the challenged fireworks ordinance operated as binding precedent on the Recorder's Court—is incorrect.

II

Next, we address the issue regarding the content and significance, if any, of the factual record generated in this case in the 36th District Court. Specifically, we consider whether, in view of the evidentiary record produced in the 36th District Court, defendant carried his burden of rebutting the presumptive constitutionality of the challenged ordinance so as to establish that the fireworks ordinance is not rationally related to the city's objective of protecting the safety, health, and welfare of its residents, and thus does not represent an exercise of the city's police power within the ambit of due process and equal protection. *1426 Woodward Avenue Corp v Wolff,* 312 Mich 352, 369-370; 20 NW2d 217 (1945); *Shavers v Attorney General,* 402 Mich 554, 612-614; 267 NW2d 72 (1978), cert den 403 Mich 958 (1979), cert den 442 US 934 (1979); *McDonald Pontiac-Cadillac-GMC, Inc v Saginaw Co Prosecuting Attorney,* 150 Mich App 52; 388 NW2d 301 (1986), lv den 426 Mich 867 (1986); Const 1963, art 7, § 22. Our inquiry is limited to determining "whether any state of facts either known or which could reasonably be as-

sumed affords support" for the challenged fireworks ordinance. *Shavers, supra,* pp 613-614. If our limited inquiry discloses such a state of facts in this case, we must reverse the decision of the 36th District Court and uphold the constitutionality of the ordinance.

The ordinance in question, Detroit Ordinances, § 23-4-9.2, provides:

> The storage of fireworks in a place of retail sales shall be limited to a gross weight of less than one hundred (100) pounds and shall be stored in a Type 2 Indoor Magazine. Places of storage other than retail sales shall meet the minimum requirements of Pamphlet 44A (Manufacture, Transportation and Storage of Fireworks) of the National Fire Protection Association. Percent of the permitted storage amount in a place of retail sales shall be on display. All fireworks in places of retail sales shall be returned to the magazine at the end of the business day.

Defendant contends that this prohibition against storing more than one hundred pounds gross weight of fireworks bears no reasonable relation to the city's purpose of protecting the public against the danger of explosions. In our prior opinion, we declared: "Obviously, fireworks are explosive and can cause great harm, especially when a large quantity is ignited." 157 Mich App 557. In so concluding, we did not, however, consider the testimonial evidence generated in the district court on this issue. The Supreme Court, in its order of remand, has required that we do so.

In the district court, defendant presented the testimony of John Conklin, Ph.D. Dr. Conklin received his doctoral degree in chemistry from Johns Hopkins University in 1969 and, since that time, has achieved the status of full professor at

Washington College in Chestertown, Maryland. He has authored numerous scholarly reports and articles on fireworks and pyrotechnic compositions, as well as a book entitled *The Chemistry of Pyrotechnics: Basic Prinicples and Theory.* Dr. Conklin is the executive director of the American Pyrotechnics Association and is a member of various other bodies regarding explosives and pyrotechnics. In the district court, his testimony was received as that of an expert concerning the nature and composition of pyrotechnic materials. We do not question his expertise.

In the district court, Dr. Conklin testified that the United States Department of Transportation distinguishes three levels of explosives: class A, class B, and class C. Class A explosives, he explained, are "genuine high explosives as manufactured and packaged for explosive use, [such] as dynamite, TNT, military explosive devices," or "any device with the high probability of undergoing a mass explosion." Class B explosives, he explained, are devices containing quantities of explosives or propellant material sufficient to cause "a substantial probability of a deflagration," with the latter term defined as "an extremely rapid chemical reaction bordering on what we call an explosion." Examples of such explosives were described as large fireworks used in licensed outdoor displays, large military flares, and special fireworks. Finally, he testified that class C explosives are packaged devices containing limited quantities of explosives, such as common fireworks: firecrackers, Roman candles, sky rockets, etc. The Detroit ordinance, which concerns "fireworks," would thus affect the storage of class C explosives, limiting such storage to one hundred pounds gross weight.

The core of Dr. Conklin's testimony concerned certain pyrotechnics tests conducted on October

31, 1983, in Huntsville, Alabama. On that date, Dr. Conklin participated in two scientifically controlled tests, conducted by Wyle Laboratories for the United States Department of Transportation, in which two steel containers were each densely packed with 15,000 pounds gross weight of class c fireworks, each container thus accommodating approximately 3,750 pounds of pyrotechnic explosive composition and 11,250 pounds of packaging material. The first container was placed on cement blocks two feet above the ground and a wood fire was started beneath it. The second container was placed directly on the ground—thus escalating the chances of an explosion or deflagration by reducing the possibility of the escape of gas through the bottom of the container—and a wood fire was started adjacent to the container. In both instances, the class c explosives burned inside the containers, but did not explode, reaching the "moderate" temperatures of between twelve hundred and fourteen hundred degrees. Dr. Conklin asserted that "[t]he protection in class c fireworks is provided by the packaging, the tube." He explained that the packaging material, usually cardboard and typically comprising seventy-five percent of the weight of an average class c firework device, absorbs some of the heat during the burning process and thus slows down the creation of heightened temperature and pressure variables, causing, essentially, a "sequential burning" of the firework devices and not an explosion. Based on the result of these experiments, as well as his personal experience in investigating fires involving explosives and reviewing reports of such fires—and noting that he had never discovered the occurrence of an explosion or deflagration resulting from the burning of large quantities of class c explosives—Dr. Conklin opined that "[c]lass c fire-

works in their shipping containers, loaded into tubes, a means by which they are sold commercially, do not pose a mass explos[ive] hazard." In reaching this opinion, Dr. Conklin observed:

> In my opinion the output that would be produced by the presence . . . in a room or in a building of 100 pounds gross weight of common fireworks would be insignificant with respect to the involvement of that building or room in a fire. To begin with, externally, to the people on the outside of the building, they would, in all probability, not even be aware that there was this hundred pounds of fireworks in the building as it burns. The output from that limited quantity of common fireworks would be very, very small.

Indeed, it was Dr. Conklin's opinion that one thousand pounds gross weight of common fireworks, if ignited, would burn but would not explode. As noted by the district court from the bench on December 11, 1984, plaintiff presented no expert testimony to challenge that offered by defendant and "[t]here was nothing, either on direct or on cross-examination which would indicate that the Doctor's testimony was anything but truthful." Accordingly, the court found that the "ordinance as applied to [defendant] is unconstitutional and that in addition the ordinance, which restricts the gross weight [of stored class c explosives] to no more than [one] hundred pounds may be unconstitutional on its face, because it's not rationally related to any interest in the safety and health to the citizens of Detroit." In view of the essentially unrebutted testimony of defendant's expert witness, we now agree with the district court that the fireworks ordinance bears no reasonable relation to the city's objection of protecting the safety, health, and welfare of its residents, and thus

represents an impermissible exercise of the city's police power. *1426 Woodward Ave Corp, supra; Shavers, supra; McDonald, supra.*

Dr. Conklin's expert testimony established that class c explosives and, specifically, common fireworks densely packed in steel containers will neither explode nor deflagrate when ignited by an external source. Thus, the fireworks were shown to be no more volatile or dangerous than other flammable items which are stored for retail sale. According to Dr. Conklin, as noted above, an explosion of stored fireworks is precluded by the absorption of heat by the cardboard packaging which surrounds the explosive material, effecting only a sequential burning of the fireworks:

> The protection in Class c fireworks is provided by the packaging, the tube. If it's a fountain type device with heavy cardboard contained in that pyrotechnic composition, the heat that is produced with that device functions when the reaction is taking place and transfers to this cardboard, the cardboard warms up rather than being transferred to the pyrotechnic composition in an adjacent layer. The heat goes to the cardboard, and the heat transferred from item to item to item is slow, and you don't get a temperature increase and a pressure increase fast enough to generate an explosion; so the protection is provided by the way the item is made by the paper, the wrapper, the cardboard. [This cardboard, which makes up] seventy-five percent of the . . . common firework[,] provides the protection against explosion.

The district court relied heavily on the testimony of Dr. Conklin in ultimately arriving at its conclusion that the fireworks ordinance bears no reasonable relation to the city's objective of protecting the safety, health, and welfare of its residents. After our thorough review of Dr. Conklin's

testimony, we do not believe that the lower court's findings of fact based on that testimony are clearly erroneous. MCR 2.613(C); *People v United States Currency,* 148 Mich App 326, 329; 383 NW2d 633 (1986); *Rozier v Dep't of Public Health,* 161 Mich App 591, 600; 411 NW2d 786 (1987). Accordingly, we discern no reason either to disturb those findings of fact or to disagree with the lower court's conclusion that the ordinance, to the extent that it limits the retail storage of class c fireworks to one hundred pounds gross weight, is unconstitutional.

III

Finally, we address the issue regarding the significance, if any, of the proceedings in Wayne Circuit Court cases 81-129784-CZ and 85-515546-CZ. In the former case, Glen R. Qualls, defendant in the instant action, was a defendant, and in the latter case, he was a plaintiff.

In case 81-129784-CZ, Wayne Circuit Judge John H. Hausner issued an order on May 14, 1982, declaring the Detroit ordinance relating to the storage of fireworks for retail sale to be "a valid exercise of the City's power." It was this order to which the Detroit Recorder's Court in the present case felt bound under the principle of stare decisis. Our review of the April 2, 1982, motion transcript, upon which the May 14, 1982, order is based, discloses that Judge Hausner's decision on this issue was premised on the failure of defendant to present any testimonial or other evidence to establish the invalidity of the fireworks ordinance. At the April 2, 1982, proceeding, Judge Hausner stated:

    *The Court:* Well, I'm ready to make my ruling. Here's what I'm going to do. I'm going to rule as a

matter of law, Mrs. Cumbey [defendant's attorney], that you've shown me no basis that this restriction, this ordinance is invalid. You have the burden to show that. You haven't done that by affidavit or otherwise. I'm going to hold that the ordinance limitation of a hundred pounds, per retailer, is a valid ordinance. Now, as a matter of law, I'm going to rule that.

In light of our discussion of the extensive record generated in this case by defendant's expert in the district court regarding the safety of the retail storage of more than one hundred pounds gross weight of class c or common fireworks, we find that the abbreviated proceedings in Wayne Circuit Court case 81-129784-CZ are of no significance to us in our resolution of the constitutional issue at bar.

In case 85-515546-CZ, Judge Hausner issued an order on June 24, 1986, declaring that, "for reasons set forth on the record and the Court's opinion of June 23, 1986, the City of Detroit Fireworks Ordinance, chapter 23 ordinance 3144, article 4, sections 23-4-1 through 23-4-9 shall be, and hereby is declared invalid as to the retail sale of fireworks within the City of Detroit because it conflicts in all of its essential parts with either state law, federal law and regulation and national safety standards." At the June 23, 1986, proceeding, at which Judge Hausner reviewed the evidence in the case and rendered from the bench his findings of fact and conclusions of law, it was declared:

The Court finds [that] because all of its essential parts are in conflict with state law, State of Michigan, as well as Department of Transportation, so all the essential parts of it conflict with State law, which it cannot do, with Federal law, which it cannot do, so [this] Court declares the City Ordinance as to regulations of retail fireworks to be

unconstitutional—I mean, to be invalid because it is conflicting with state and Federal law, and also because it is not rationally suited to the regulations to regulate the retail sale of fireworks in the City of Detroit. So I declare it invalid in the totality.

Thus, Judge Hausner's analysis at the June 23, 1986, proceeding focused on, among other issues not pertinent in the instant action, whether the ordinance directly conflicted with applicable state or federal law. Ordinances which directly conflict with state or federal law cannot prevail. *Walsh v River Rouge,* 385 Mich 623, 637; 189 NW2d 318 (1971); Detroit Ordinances, § 23-1-2.4. The issue of conflict, however, is not now before us on remand from the Supreme Court. In any event, we continue to adhere to our previously expressed view on this point that the Detroit fireworks ordinance at issue is not in direct conflict with either state statute, MCL 750.243d; MSA 28.440(4), or the national standards found in the National Fire Protection Association Code, No. 1124 (formerly 44A), because, unlike the state and federal provisions, the ordinance specifically applies to retail stores. 157 Mich App 555-556. Accordingly, we find that the proceedings in Wayne Circuit Court case 85-515546-CZ and its appeal are of no significance to us in our resolution of the constitutional issue at bar.

The holding of the Detroit Recorder's Court is reversed, and that of the 36th District Court is affirmed, regarding the rational relation between that portion of the city's fireworks ordinance prohibiting the retail storage of more than one hundred pounds gross weight of fireworks, § 23-4-9.2, and the city's objective of protecting the safety, health, and welfare of its residents.

Reversed.