WARD v STATE OF MICHIGAN

Docket No. 97911. Submitted October 22, 1987, at Detroit. Decided
    September 20, 1988.

   Michael C. Ward was convicted of possession of marijuana by the
   United States District Court for the Western District of Texas
   and sentenced to five years in prison. He was freed on bond
   pending appeal and traveled to Michigan, where he was ar-
   rested in Ingham County and charged with conspiracy to
   deliver cocaine. Two months later, Ward was arrested in Wash-
   tenaw County and charged with possession with intent to
   deliver 650 or more grams of cocaine. One month after that he
   was indicted by a federal grand jury on a cocaine trafficking
   charge unrelated to the Ingham and Washtenaw County
   charges. He was subsequently convicted in the United States
   District Court for the Western District of Michigan and sen-
   tenced to ten years in prison, to be served after completion of
   his five-year sentence for the Texas conviction. Ward thereafter
   was convicted on the Washtenaw County charge and sentenced
   to mandatory life imprisonment. Washtenaw County turned
   Ward over to federal authorities for incarceration pursuant to
   his federal convictions. Ward was then returned to Michigan
   for trial on the Ingham County charge and was convicted of
   conspiracy to deliver more than 50 but less than 225 grams of
   cocaine. He was sentenced to ten to twenty years imprisonment
   for this conviction, the sentence to be served concurrently with
   his other sentences. Ward was then returned to federal prison
   authorities in Indiana. Ingham and Washtenaw County author-
   ities requested that federal prison officials place detainers in
   Ward's record so that he would be returned to Michigan to
   complete his Michigan sentences if he were released from
   federal prison before the conclusion of his Michigan sentences.
   Federal prison officials transferred Ward to the federal correc-

REFERENCES

Am Jur 2d, Appeal and Error § 700.
Am Jur 2d, Criminal Law §§ 404 et seq.
Am Jur 2d, Pleading §§ 226 et seq.
See the Index to Annotations under Dismissal, Discontinuance and
    Nonsuit; Pleadings; Prisons and Prisoners.

tional facility in Milan, Michigan, and he became eligible for parole from federal prison on May 14, 1986, but waived parole so as to avoid incarceration in the Michigan penal system. Ward then filed suit against the State of Michigan and Ingham County in Ingham Circuit Court seeking an order to compel Ingham County authorities to withdraw their state detainer. The court, James T. Kallman, J., dismissed the action with prejudice for failure to state a claim upon which relief could be granted. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's claim that the detainer lodged against him by Ingham County authorities denied him opportunity for release from the federal penitentiary is without merit. It is his Michigan conviction and sentence which prevent his release.

2. Plaintiff's arguments that the circuit court erred in dismissing his petition without adequately setting forth findings of fact or law and by not transferring the case so that it could be heard by the judge who presided over his criminal trial are also without merit.

3. Plaintiff's other issues have already been addressed by the Court of Appeals in prior proceedings involving plaintiff.

4. The dismissal of plaintiff's petition was properly granted.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM.

A court must accept as true factual allegations made by a party when ruling on a motion by the opposing party to dismiss for failure to state a claim upon which relief can be granted (MCR 2.116[C][8]).

2. PRISONS AND PRISONERS — FEDERAL PRISONERS — DETAINERS.

An action brought by an inmate of a federal penitentiary to compel Michigan state and county authorities to withdraw a detainer filed against him on the basis that the detainer denied him opportunity for release from the federal penitentiary may be properly dismissed with prejudice for failure to state a claim upon which relief could be granted; it is not the detainer, but the Michigan conviction and sentence which prevent the inmate's release (MCR 2.116[C][8]).

3. APPEAL — CITATION OF AUTHORITY.

The Court of Appeals will not search for authority to sustain or reject a party's position.

Michael Charles Ward, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for defendants.

Before: WALSH, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from an Ingham Circuit Court order dismissing with prejudice plaintiff's petition to compel withdrawal of a notice of state detainer. We affirm.

On February 17, 1976, plaintiff was convicted for possession of marijuana in the United States District Court for the Western District of Texas. Plaintiff was freed on bond pending appeal and returned to Michigan, where his parents reside. On March 21, 1979, plaintiff was arrested in Ingham County and charged with conspiracy to deliver cocaine. Plaintiff was also arrested in May, 1979, in Washtenaw County and charged with possession with intent to deliver 650 or more grams of cocaine.

On June 21, 1979, plaintiff was indicted by a federal grand jury on a cocaine trafficking charge unrelated to the charges brought against plaintiff in Ingham and Washtenaw Counties. On October 10, 1979, plaintiff was convicted in the United States District Court for the Western District of Michigan for distribution of cocaine. On August 15, 1980, plaintiff was sentenced to a term of ten years in prison. The sentence was to run consecutively to the five-year term to which plaintiff had been sentenced in the United States District Court in the Western District of Texas.

On January 30, 1980, the charge of conspiracy to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

deliver cocaine was dismissed by the Ingham Circuit Court. This Court, on appeal as of right, reversed and remanded the case for trial. *People v Ward,* 107 Mich App 38; 308 NW2d 664 (1981).

On April 7, 1981, plaintiff was convicted of possession with intent to deliver 650 or more grams of cocaine in Washtenaw Circuit Court. On May 8, 1981, plaintiff was sentenced to mandatory life imprisonment. On appeal, the conviction and sentence were affirmed. *People v Ward,* 133 Mich App 344; 351 NW2d 208 (1984). On May 12, 1981, Washtenaw County authorities turned plaintiff over to federal authorities for incarceration pursuant to his federal convictions.

On September 14, 1983, plaintiff was returned by federal authorities to Ingham County for trial on the 1979 charge of conspiracy to deliver cocaine. Plaintiff was convicted of conspiracy to deliver more than 50 but less than 225 grams of cocaine on December 22, 1983. Plaintiff was sentenced to ten to twenty years imprisonment on February 15, 1984, the sentence to run concurrently with plaintiff's other sentences. On February 17, 1984, plaintiff was returned to the federal penitentiary in Terre Haute, Indiana.

Following plaintiff's respective convictions, defendant Ingham County and Washtenaw County sent written communications to the federal prison authorities requesting that a "detainer" be placed in plaintiff's record. The detainer would ensure that, if plaintiff were released from federal prison before the conclusion of his Michigan sentences, plaintiff would be returned to complete his sentences in Michigan.

On October 23, 1986, plaintiff was transferred to the federal correctional facility in Milan, Michigan. Plaintiff became eligible for parole from federal prison on May 14, 1986, but waived parole so

as to avoid incarceration in the Michigan penal system.

On August 14, 1986, plaintiff filed the instant case seeking an order to compel Ingham County authorities to withdraw the state detainer filed against him. The petition was one of several actions filed in various federal and state courts challenging plaintiff's detainer. Among those actions were civil lawsuits filed against the Washtenaw County prosecutor and the Ingham County Sheriff's Department and the East Lansing Police Department. Those actions were dismissed by entry of summary disposition and this Court affirmed. *Ward v Washtenaw Co Prosecutor,* unpublished opinion per curiam of the Court of Appeals, decided May 31, 1988 (Docket Nos. 91649, 92391).

On December 1, 1986, Ingham Circuit Judge James T. Kallman ordered that plaintiff's petition be dismissed with prejudice for failure to state a claim upon which relief could be granted. A motion for reconsideration and reassignment before a different judge was denied on January 5, 1987.

On appeal, plaintiff first claims that genuine issues of material fact precluded the circuit court from dismissing plaintiff's petition. This issue has no merit. Plaintiff's petition was not dismissed pursuant to MCR 2.116(C)(10). The Ingham Circuit Court ruling was phrased in terms of a motion to dismiss for failure to state a claim upon which relief could be granted. MCR 2.116(C)(8). The circuit court was bound to accept plaintiff's factual allegations as true. See *Mills v White Castle System, Inc,* 167 Mich App 202, 205; 421 NW2d 631 (1988). Here, the basis of plaintiff's claim was that the detainer lodged against him by Ingham County authorities denied plaintiff the opportunity for release from the federal penitentiary. Accepting plaintiff's factual allegations as true, plaintiff's

Michigan conviction and sentence clearly prevent his release. We agree that plaintiff has failed to state a claim upon which relief could be granted.

Next, plaintiff argues that the circuit court erred by dismissing plaintiff's petition without adequately setting forth findings of fact or law. Plaintiff also argues that the court erred by not transferring the case to be heard by the judge who presided over plaintiff's criminal trial. Initially, we note that plaintiff fails to cite authority in support of his arguments. It is well established that this Court will not search for authority to sustain or reject a party's position. *People v Qualls,* 157 Mich App 552, 558; 403 NW2d 594 (1987). Nevertheless, we have reviewed the record in this case and find that the issues lack merit.

Next, plaintiff raises several issues already addressed by this Court in *Ward v Washtenaw Co Prosecutor, supra,* including a claimed right to appointment of counsel at public expense, defendant's claimed failure to comply with the Uniform Criminal Extradition Act, MCL 780.1 *et seq.;* MSA 28.1285(1) *et seq.,* and a challenge to plaintiff's detainer under the interstate agreement on detainers, MCL 780.601; MSA 4.147(1). We find these same issues to have been adequately addressed by this Court in *Ward v Washtenaw Co Prosecutor, supra,* pp 2-5.

Given our resolution of the issues addressed in this opinion, it is unnecessary to consider plaintiff's remaining allegation of error. The dismissal of plaintiff's petition was properly granted by the trial court.

Affirmed.