CITY OF DETROIT v QUALLS

Docket No. 83408. Argued June 7, 1989 (Calendar No. 7). Decided
    April 3, 1990. Rehearing denied *post*, 1213.
    Glen R. Qualls was charged in the 36th District Court with
        violating a Detroit ordinance limiting storage of fireworks in a
        place of retail sales to a gross weight of less than one hundred
        pounds, a misdemeanor. The court, Daphne Means-Curtice, J.,
        dismissed the charge on the ground that the one-hundred-
        pound limitation is not reasonably related to the city's interest
        in the health, safety, and welfare of its citizens. The Detroit
        Recorder's Court, Samuel C. Gardner, J., reinstated the charge
        on the ground that the district court was bound by a 1982
        judgment by the Wayne Circuit Court, John H. Hausner, J.,
        against Qualls, declaring the one-hundred-pound limitation
        constitutional. The Court of Appeals, ALLEN, P.J., and WAHLS
        and M. WARSHAWSKY, JJ., in an opinion per curiam, remanded
        the case for trial in the district court, finding that the storage
        provision of the ordinance was not in conflict with the storage
        provision of the state fireworks statute and further that the
        ordinance was rationally related to public safety. (Docket No.
        86352). The Supreme Court vacated the judgment of the Court
        of Appeals and remanded the case to that Court for an ex-
        panded opinion. On remand, the Court of Appeals, WAHLS, P.J.,
        and HOLBROOK, JR., and MICHAEL J. KELLY, JJ., reversed in an
        opinion per curiam, holding that after a review of the eviden-
        tiary record made in the district court it could not find clear
        error in the district court's finding that the storage provision of
        the ordinance was unconstitutional. The panel also held that
        the Recorder's Court had erred in holding (1) that the district
        court was bound by the Wayne Circuit Court judgment sustain-
        ing the validity of the one-hundred-pound limitation, (2) that
        Judge Hausner's 1982 ruling was not significant to resolution of
        the present case because in 1982 the defendant failed to pres-
        ent any evidence which supported his claim that the ordinance
        was invalid, and (3) that Judge Hausner's 1986 decision was not
        significant to resolution of the present case because it addressed
        only whether the ordinance conflicted with the statute, an issue
        not before the panel on remand. (Docket No. 103001). The
        plaintiff appeals.
    In an opinion by Justice BOYLE, joined by Chief Justice RILEY

and Justices BRICKLEY, ARCHER, and GRIFFIN, the Supreme Court *held:*

The defendant was not precluded from relitigating in 1984 the issue whether the Detroit fireworks ordinance was valid, insofar as it restricted the storage of fireworks by retailers to one hundred pounds or less, because the city failed to persuade the Supreme Court that the ruling that the ordinance was valid actually was litigated and determined in the prior proceeding and was essential to the judgment issued in 1982. The state did not preëmpt local communities from regulating the quantity of fireworks a retailer could store within community boundaries. The storage limitation provision in the Detroit ordinance does not conflict with the state fireworks act and was a valid and reasonable exercise of the city's police power within the ambit of due process and equal protection.

1. A ruling on a summary judgment motion in a forfeiture proceeding may have binding effect. Appropriate resolution of the collateral estoppel question turns not on whether the inquiring court characterizes the first proceeding as summary, but rather upon a finding that in the prior proceeding the issue of fact or law was actually litigated and actually determined by a valid and final judgment, and that the determination was essential to the final judgment. In order that collateral estoppel may apply, the issue to be concluded must be the same as that involved in the prior action, and must have been raised, litigated, and actually adjudged; it must have been material and relevant to the disposition of the prior action; and its determination must have been necessary and essential to the resulting judgment.

2. In this case, the issue whether the storage provision in the ordinance was valid was raised in 1982. However, the city failed to persuade the Supreme Court that the ruling that the storage provision in the ordinance did not conflict with statutory language and that the limitation was reasonable and a valid exercise of the city's police power was actually litigated and determined, or that the determination was necessary and essential to the resulting judgment concerning forfeiture. Therefore, the defendant was not precluded from raising the issue as an affirmative defense when prosecuted in 1984, and the Court of Appeals erred in concluding that the ruling in 1982 was not significant to the present case because in 1982 the defendant failed to present any evidence which supported his claim that the ordinance was invalid. The Court additionally erred in concluding that the 1986 decision was not significant to resolution of the present case because the ruling addressed

only whether the ordinance conflicted with the statute, an issue not before the panel on remand. Accordingly, that portion of the decision of the Court of Appeals which addresses the collateral estoppel issue must be vacated.

3. The storage provision in the city's ordinance does not conflict with nor is it preëmpted by state law. The only requirement under state law, in regard to the amount of fireworks a retailer may maintain on a premises, is that it be a reasonable amount. The municipality retains reasonable control of fireworks. Accordingly that part of the Court of Appeals decision which held the storage provision of the ordinance to be a valid exercise of the police powers of the City of Detroit is affirmed. However, because the provision is rationally related to the public safety, the affirmance by the Court of Appeals of the district court's finding that the ordinance was unconstitutional must be vacated. Entry of judgment in this case is stayed, pending resolution of the remaining cases involving these parties in the Court of Appeals.

Affirmed in part, vacated in part, and judgment stayed.

Justice LEVIN, joined by Justice CAVANAGH, dissenting, stated that there is a conflict between the one-hundred-pound storage limitation of the Detroit fireworks ordinance and the storage provision of the fireworks statute, rendering the ordinance limitation invalid. The 1982 Wayne Circuit Court litigation does not control the disposition of this appeal.

The 1980 amendment of the fireworks statute was intended to except a retailer who has goods on hand for sale to the public in a supervised display area from the storage requirement of the act. The storage requirement applies to retailers when fireworks are stored and are not being displayed for sale at retail. The statute permits storage of class B and class C fireworks in excess of one hundred pounds upon compliance with its provisions. The ordinance, however, provides that the storage of fireworks in a place of retail sales is limited to a gross weight of less than one hundred pounds, inconsistent with the statute. The ordinance limitation being preëmpted by the statute is invalid.

Ordinarily the doctrines of res judicata or collateral estoppel would bar the defendant from relitigating in another civil action the question decided in the 1982 proceedings; however, in this case, because the storage requirement of the ordinance is invalid as conflicting with the statute, the basis on which the Court of Appeals found that the 1982 judgment was not controlling is not in point. As a matter of policy, the 1982 judg-

ment entered following abbreviated proceedings should not preclude the defendant from defending against the charge that he committed a misdemeanor when he violated the ordinance on the ground that the ordinance is invalid because it conflicts with the statute.

A question of public importance is presented for the first time in this court concerning the validity of an ordinance imposing limitations on the storage of fireworks in light of a state fireworks statute imposing different limitations on the storage of fireworks. The question having been presented, pursuant to the Supreme Court's grant of leave to appeal, it should be addressed on the merits in recognition of the difficulty faced by any litigant who might seek a ruling by the Supreme Court, particularly in regard to a determination, on summary disposition following abbreviated proceedings respecting the validity of an ordinance, entered in the context of litigation concerning the forfeiture of a relatively small quantity of fireworks.

166 Mich App 587; 421 NW2d 248 (1988) affirmed in part and vacated in part.

*Donald Pailen,* Corporation Counsel, *Harnetha Jarrett,* Assistant Corporation Counsel, and *David L. Rose,* Pro Hac Vice, for the City of Detroit.

*Hugh M. Davis, Jr.,* for the defendant.

BOYLE, J. An issue regarding the validity of a provision in an ordinance may be resolved in a forfeiture proceeding on a summary disposition motion for purposes of collateral estoppel. We find, however, that the city failed to persuade this Court that the ruling holding the storage provision valid was necessary to the 1982 judgment concerning forfeiture of fireworks seized in 1979. Therefore, we hold that the defendant was not precluded from raising the issue as an affirmative defense when prosecuted in 1984 in 36th District Court. In addition, we conclude that the state did not preëmpt local communities from regulating the quantity of fireworks a retailer can store within its boundaries and that the storage provision in the

ordinance[1] does not conflict with the statutory scheme.[2]

Having found that the state has not preëmpted this area of regulation, we address the issue whether there is any rational basis for the storage provision in the ordinance. We conclude that the storage limitation provision is a valid and reasonable exercise of the city's police power within the ambit of due process and equal protection.

Accordingly, we affirm the Court of Appeals holding that the storage provision in the ordinance did not conflict with state law, and vacate that part of the Court of Appeals decision which addresses the collateral estoppel issue. Further, we reverse the panel's decision affirming the 36th District Court's dismissal of the misdemeanor charge on the basis of its determination that the storage provision in the ordinance was unconstitutional.[3] However, we stay entry of judgment in this case pending resolution of the remaining cases involving these parties in the Court of Appeals.[4]

---

[1] Fireworks Ordinance of the City of Detroit; Ordinance 314-H as amended, Municipal Code, § 19-3-70.

[2] MCL 750.243d; MSA 28.440(4).

[3] *People v Qualls (On Remand)*, 166 Mich App 587, 592-593; 421 NW2d 248 (1988).

[4] We emphasize that this opinion addresses only whether any regulation by the city concerning the retail storage of fireworks, which is not regulated under state law, necessarily conflicts with the fireworks act, and whether there is any rational relation between such a provision and public safety. In doing so we express no opinion on the validity of Judge Hausner's ruling in 1986 that the ordinance was invalid in its entirety, when addressing the sale and storage of items which under state law a person needs no permit to sell and store, and those items which can be sold for direct shipment out of state without a permit under state law. The city appealed the orders entered pursuant to that ruling, and the Court of Appeals granted the city interim relief by order of June 27, 1989, pending resolution of the appeals growing out of the civil action below which have been consolidated and are presently under submission to the Court of Appeals as Nos. 93518, 94209, 115434, 118836, 118837, and 118908.

I

Defendant Qualls operates a retail fireworks business in the City of Detroit and has been engaged in litigation with the plaintiff city since he began operations in 1978. A review of the background and prior litigation between the parties is pertinent to resolution of the issues in this case.

In 1981 the city brought a suit in Wayne Circuit Court against defendant for forfeiture of fireworks seized from the defendant's premises in 1979, alleging defendant's license only permitted him to sell and store legal fireworks in amounts of one hundred pounds or less, and that the confiscated fireworks were over one hundred pounds of illegal fireworks which were stored on defendant's premises in violation of the ordinance.[5] In his answer defendant argued that the city was not entitled to forfeiture of the confiscated fireworks because the ordinance conflicted with state law, under which no limit was stipulated as to the amounts of class C or class B fireworks a retailer could sell and store, and that the one-hundred-pound limitation was unreasonable.[6]

At the hearing, defendant argued that the storage limitation was unreasonable and that the ordinance conflicted with state law and was not a

---

[5] The complaint for forfeiture of contraband, filed July 31, 1981, sought permission to destroy the confiscated fireworks, which the city alleged had been stored contrary to city ordinance and state law.

[6] The city then filed a motion for summary disposition, on the basis that defendant failed to state a valid defense to the claim brought against him, and that except as to the amount of damages there was no genuine issue as to any material fact. The city asserted defendant's answer to the city's complaint for forfeiture admitted his retail license restricted storage to one hundred pounds of fireworks and that he had over that amount of fireworks on the premises. Motion for summary judgment, filed February 22, 1982.

valid exercise of the city's police power.[7] In response, the city claimed the provision of the ordinance governing the storage of fireworks was not preëmpted by the state statutory scheme in MCL 750.243d; MSA 28.440(4), and that the provision was reasonable and clearly addressed a local concern, providing limitations consistent with the statutory language.

The court found that the state had not preëmpted local communities from regulating the storage of fireworks for retailers within their boundaries, that the ordinance did not conflict with the statute, and that the storage provision in the ordinance was a valid and reasonable exercise of the city's police power.[8] The order, issued

---

[7] *Court:* But the Attorney General didn't say that a hundred pounds would be unreasonable, he just said that that statute limiting wholesalers to a hundred pounds didn't apply to retailers. Why is it unreasonable for the City of Detroit to set a hundred pound limit?

*Ms. Cumbey:* A hundred pounds could be sold in half an hour. There's just no way you could keep sufficient inventory on hand.

* * *

*Court:* Well, but the legislature didn't authorize more than 100 pounds.

*Ms. Cumbey:* Well, we maintain that by exempting retail dealers from the storage requirements, in effect, they did.

[8] The trial judge stated:

I'm saying that the state has not preëmpted—as a matter of law, the State has not preëmpted local communities from regulating the retail sale of fireworks within their boundaries, and that Detroit's ordinance, the presumption is of reasonableness, that of validity, and I have nothing to show me that it's invalid for them to adopt a hundred pound limitation.

Defense counsel argued that the issue concerning the validity of the ordinance was not before the court, and the court disagreed, noting that the city's forfeiture motion raised the issue whether the seizure was within the law and that the defendant's response was that the ordinance was invalid.

May 14, 1982, adjudging the Detroit fireworks ordinance valid, provided:

> [T]he City of Detroit Ordinance No. 314-H, Chapter 23, as it relates to the storage for retail sale of fireworks, is a valid exercise of the City's power, and the State of Michigan has not preëmpted this area of legislation and regulation, and the ordinance in that respect is valid and enforceable. [*Detroit v Qualls,* No 81-129784 CZ.][9]

The defendant never appealed the judge's ruling that the storage provision in the ordinance was valid and that the state had not preëmpted this area of regulation.[10]

The case now before the Court began on July 2, 1984, when the city charged the defendant in the 36th District Court with three misdemeanor violations concerning the storage provision in the fireworks ordinance.[11] The defendant moved to sup-

___

[9] The order of June 17, 1982, relative to the construction of the court's ruling given June 3, 1982, stated:

> IT IS HEREBY ORDERED that the City of Detroit Fire Ordinance Code is construed to mean that a retail seller may store no more than 100 pounds of fireworks in any combination of Class B and Class C. Class B items may be stored only for immediate sale for out of state transportation. Net weight is the weight of fireworks not including shipping cartons, but does include the pyrotechnic material, any fuse material, and any paper or other restraining material.

[10] Defense counsel further noted that she intended to bring a declaratory action on this claim and asked the court whether it constituted res judicata because she raised the claim in an answer. The court advised defense counsel to appeal the decision.

[11] After viewing the storage in the magazine, the inspector informed the defendant that he might be exceeding the storage limit of one hundred pounds, and left to summon additional help in weighing and listing the fireworks. When the inspector returned, the defendant refused to allow anyone to enter the premises for the purpose of determining the amount of fireworks in storage.

The Detroit Consumer Affairs Department which licensed the defendant's fireworks business issued Citation V-87-516, charging defen-

press and for dismissal, arguing that the ordinance was unconstitutional because it conflicted with state law,[12] and that by enacting comprehensive legislation in the area, the state Legislature preëmpted local ordinances in conflict with the state law. Further, defendant argued that the municipality prohibited that which the state allowed, the storage of reasonable amounts of US DOT class c common fireworks[13] and that a limitation of one hundred pounds was not rationally related to public safety.

The city responded that Judge Hausner's 1982 order ruling that the storage provision in the

dant with failure to maintain storage of fireworks to an amount under one hundred pounds, pursuant to city ordinance 314-H, contrary to the Municipal Code of the City of Detroit, § 23-4-9.

The Detroit Fire Department issued Citation V-87-517, failure to allow officials to perform the inspection, and V-250-085, refusal to allow entry by city officials for the purpose of making a lawful inspection.

[12] Defense counsel noted,

> [T]he City's interpretation of the 100 pound limitation as gross rather than net is inconsistent with the accepted interpretations of the term in the various official codes and statutes and it is apparently inconsistent with the enabling paragraphs of the City's own fire code, and I am referring now to the Fire Prevention Code, Article 1, Section 23-1-1 which says in the last complete sentence of the first paragraph, "Compliance with all existing ordinances of the City of Detroit and laws, rules or regulations of the State of Michigan or compliance with approved nationally recognized safety standards shall be deemed to be prima facie evidence of compliance with this intent and purpose."

Defense counsel also noted that the ordinance itself provided that it shall give way in the face of a conflict with state and federal regulations. Section 19-3-18(c) provides that the ordinance "is intended to be used in conjunction with existing laws and nothing in the article shall be construed as rendering other applicable laws invalid. In any situation where a conflict exists between a provision of this article and any existing law, the existing law shall prevail."

[13] The defendant argued that the state statute and the city ordinance conflicted because the former required only that a reasonable amount of fireworks be kept in storage for retail sale, whereas the Detroit scheme defined a specific amount, i.e., one hundred pounds.

ordinance was valid was final,[14] and that pursuant to that ruling the defendant was in violation of the city ordinance as interpreted in 1982 when he stored more than one hundred pounds of fireworks. Further, the city noted that the municipal ordinance was clothed with the presumption of constitutionality,

> By virtue of the police powers, the Michigan Home Rule Statute and the Michigan Constitution which allows cities like Detroit to regulate in areas that relate to their municipal concern, and certainly the lives and protection and health and safety of our citizens is a municipal concern. Explosives are a municipal concern and by virtue of the police powers we are permitted to regulate in this area.

The defendant argued that there was evidence which proved that there was no danger from an explosion of any amount of US DOT class C common fireworks under any conditions. Defendant's expert, Dr. Conklin, testified at the hearing concerning the hazards associated with the storage of ten types of US DOT class C common fireworks when loaded into tubes, the means by which they are sold commercially. He stated that storage of these types of fireworks in tubes, in amounts over one hundred pounds, did not pose a mass explosive hazard.

---

[14] In response to the court's inquiry regarding the 1982 decision in Wayne Circuit Court the defendant asserted that the order was not controlling because (1) the determination at that hearing concerned whether or not under Michigan law retail sales for shipment out-of-state could be made within the state when they otherwise would be prohibited, (2) that a contempt hearing before Judge Hausner was scheduled in December of 1984, and at that time the judge planned on reviewing his earlier determination, and (3) even if the judge's order could be said to stand for the proposition that this question had been decided, all such determinations were subject to reopening, given a change or development in the state of knowledge with regard to the regulated subject.

The city asked defendant's expert whether he was aware that defendant's license allowed him to have not only class C fireworks on the premises but also class B materials and whether, if class B fireworks were stored in the same facility, his opinion would be different concerning the hazards associated with storing amounts in excess of one hundred pounds. The expert acknowledged that there would be a greater hazard in the storage of class B fireworks.

The 36th District Court judge dismissed the misdemeanor charge for failure to limit storage of fireworks to under one hundred pounds[15] on the basis that the ordinance was unconstitutional as applied to defendant in that he stored only US DOT class C common fireworks and the limitation was not rationally related to any interest in the safety and health of the citizens of Detroit:

> I find . . . the City's interpretation of the ordinance limiting the amount stored to 100 pounds gross weight is not reasonably related to the City's interest in the health, safety, and welfare of its citizens. And, as such, is an arbitrary and unreasonable deprivation of the defendant's property.

The court did not reach the issue of preëmption on the basis of its belief that that issue, in and of itself, was not dispositive.

[15] Citation No. V-87-516. In addition, the court held the search and seizure illegal and granted defendant's motions to suppress and for dismissal with respect to the remaining two counts. The court found that while the inspector had the initial authority to inspect the premises, once the inspector determined that there was a violation of the law, it became an investigation rather than an inspection, thus requiring consent or warrant or an emergency situation for any legal reentry. The court rejected the city's argument that there were extenuating circumstances, to wit: that it was very close to the Fourth of July and that if the defendant continued to sell his merchandise the result would be that there could be no citation and no follow-up inspection because the goods would be gone.

At a contempt hearing held the following day in Wayne Circuit Court, defense counsel urged Judge Hausner to reconsider his 1982 decision and the record adopted in the 36th District Court.[16] The judge stated that his prior order was the law in Wayne County until reversed by a higher court, and held that his 1982 decision that the storage limitation in the ordinance was valid was final.[17]

In 1986, Judge Hausner conducted hearings in response to defendant's complaint for declaratory and injunctive relief. He addressed the issue whether the city's refusal to issue a license for the sale and storage of fireworks, which under state law can be sold and stored without a permit, was reasonable.[18]

In addition, the city appealed the dismissal of the citation in the 36th District Court, claiming that the storage provision in the ordinance was valid and that the district court was bound by Judge Hausner's 1982 determination in circuit

[16] The parties appeared before Judge Hausner on a motion filed by the city that defendant be held in contempt of his 1982 order that the ordinance, insofar as it regulated retail dealers to one hundred pounds, was valid.

[17] The judge concluded that he could not hold the defendant in contempt because that would be action he would take if the 1982 judgment had been rendered in a declaratory judgment action. In this case the court had made a ruling, as opposed simply to issuing an order. In other words, the action appropriate for the city to take would be to enforce the license as interpreted by the court in 1982 by revoking the defendant's license if he was found to be in violation of the law. Then, if this case were to come to the circuit court and defendant's license was revoked, the court would apply the law pursuant to the June 17, 1982, ruling.

[18] *Qualls v Detroit,* No. 85-515546 CZ, complaint for declaratory and injunctive relief, issued June 23, 1986.

Judge Hausner addressed different issues in 1986, that is, (1) whether the city could require a license to sell and store those items [classified as US DOT class C "common" fireworks] which under the statute, MCL 750.243d(a)-(g); MSA 28.440(4)(a)-(g), a person would need no permit to sell and store, and (2) whether the city could prohibit the sale of items to consumers for direct shipment and use out of state which is not prohibited by state law under MCL 750.243a(3)(g); MSA 28.440(1)(3)(g).

court to that effect.[19] The Recorder's Court over-turned the decision invalidating the ordinance:[20]

On December 11, 1984 the trial court granted the defendant motions dismissing each of the plaintiff's actions. The court found Ordinance 314-H Chapter 23 unconstitutional.

\* \* \*

As the Wayne County Circuit Court is a superior court in relation to the 36th District, the latter court was bound by the determination of constitutionality. This court, not being one which is superior to the Circuit Court, is likewise bound by that determination.

Initially, the Court of Appeals affirmed the decision of the Detroit Recorder's Court to remand the case to district court for trial on the charge of storing excess fireworks. *People v Qualls,* 157 Mich App 552; 403 NW2d 594 (1987). The panel rejected the defendant's arguments that the storage limitation in the ordinance conflicted with the state statute or that the storage provision in the ordinance was not rationally related to public safety.[21]

[19] The plaintiff also asserted that the defendant consented to the search by implication in requesting a license from the city since under Ordinance No. 314-H, § 19-3-19(h)(5), the fire inspector has the right to inspect licensed businesses and, further, that it was a regulatory inspection, not an administrative or criminal search.

[20] The court did uphold the decision as to the illegality of the search and seizure, finding that once the inspector determined that there was a violation of the ordinance and left the premises, he and any other inspector returning for the purpose of investigating the violation needed a search warrant. (Opinion issued May 23, 1985, by Judge Gardner of the Detroit Recorder's Court.)

[21] The panel found,

We hold that the Detroit fireworks ordinance is not in direct conflict with either the state statute or the national standards. The state statute applies to wholesalers, dealers, and jobbers. It was specifically amended to except retailers in 1980. The national standards apply to process buildings, magazines, and storage buildings. The ordinance applies to retail stores.

\* \* \*

The defendant appealed, and, in lieu of granting leave, this Court remanded the case to the Court of Appeals,[22] where the panel reversed its earlier decision and affirmed the holding of the 36th

---

Statutes are presumed valid; the burden of rebutting that presumption is on the person challenging the statute. [Citing *Shavers v Attorney General*, 402 Mich 554, 614; 267 NW2d 72 (1978), reh den 403 Mich 958 (1978), cert den 442 US 934 (1979).] The presumption of validity also applies to city ordinances. *1426 Woodward Avenue Corp* [*v Wolff*, 312 Mich 352, 357; 20 NW2d 217 (1945)].

We believe that the ordinance in question is rationally related to the city's power to protect safety, health, and welfare. Obviously, fireworks are explosive and can cause great harm, especially when a large quantity is ignited. Clearly, limiting the amount of stored fireworks in a retail store located in a highly populated area is rationally related to safety. [*Id.*, pp 556-557.]

The panel further noted that defendant's argument that because the district court's determination as to the constitutionality of the ordinance was based on evidence, it was a finding of fact and, thus, should not be overturned unless the finding was clearly erroneous, without merit:

Defendant failed to support its argument with citations to any authority. . . . Furthermore, it is well established that constitutionality is not a question of fact but one of law. 75 Am Jur 2d, Trial, § 414, p 452. Consequently, defendant's suggestion that the district court's decision should be reviewed under the standards used for review of factual questions must be rejected. [*Id.*, p 558.]

[22] *People v Qualls*, 428 Mich 918-919 (1987). The following recommended order entered:

In lieu of granting leave to appeal, the judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for an expanded opinion. MCR 7.302(F)(1). On remand, the Court of Appeals shall address (a) the content and the significance, if any, of the factual record made in the 36th District Court, (b) the significance, if any, of the proceedings in Wayne Circuit Court files 81-129784-CZ and 85-515546-CZ (including any resolution of the pending appeals in the latter case), and (c) the rationale employed by the Detroit Recorder's Court in its decision to reverse in part the judgment of the 36th District Court and remand this case for trial. Jurisdiction is not retained.

District Court. *People v Qualls (On Remand),* 166
Mich App 587, 592-593; 421 NW2d 248 (1988). The
panel decided that the Detroit Recorder's Court
erred in holding that the circuit court's judgment
operated as binding precedent because of the supe-
riority of that court,[23] and, in view of the essen-
tially unrebutted testimony of defendant's expert
witness, that the storage limitation in the fire-
works ordinance was not rationally related to
public safety, and that the enactment of the ordi-
nance did not represent an exercise of the city's
police power within the ambit of due process and
equal protection.[24] *Id.,* p 593.

The panel also found Judge Hausner's 1982
ruling[25] not to be significant to the resolution of
the issue whether the ordinance was a reasonable
and valid exercise of the city's police power be-

---

[23] The panel noted,

[T]he 1981 statutory amendments provided that a final judg-
ment or order made by the Detroit Recorder's Court in a
misdemeanor or ordinance violation case from the 36th District
Court is appealable to the Court of Appeals by leave granted.
MCL 600.308(2)(c); MSA 27A.308(2)(c). See also MCR 7.203(B)(2).
Thus, in ordinance violation cases reviewed on appeal from the
36th District Court by the Detroit Recorder's Court, an ag-
grieved party must seek further appellate review not in the
circuit court, as before, but in the Court of Appeals. As a
consequence, in such ordinance violation cases, the Detroit
Recorder's Court and the Wayne Circuit Court no longer share
a relationship of inferiority and superiority, respectively, but
instead now enjoy an equal footing, with their final judgments
and orders being subject to review by this Court.

In light of these statutory changes, we believe that the
rationale of the Recorder's Court in this case recited in support
of its decision to reverse in part the judgment of the 36th
District Court—i.e., that a circuit court judgment upholding the
constitutionality of the challenged fireworks ordinance operated
as binding precedent on the Recorder's Court—is incorrect. [*Id.,*
pp 592-593.]

[24] The defendant argued also that there is no rational reason for the
storage limitation and that the ordinance is in conflict with state and
federal law.

[25] Case No. 81-129784 CZ.

cause at that time the defendant failed to present any evidence which supported his claim that the ordinance was invalid. *Id.,* pp 599-601. In addition, the panel found that Judge Hausner's 1986 decision, Case No. 85-515546 CZ, was not significant to resolution of the present case because it addressed only whether the ordinance conflicted with the statute, an issue not before the panel on remand.

However, the panel did note that it adhered to its previously expressed view that the fireworks ordinance did not conflict with, nor was it preëmpted by, state law:

> [T]he Detroit fireworks ordinance at issue was not in direct conflict with either state statute, MCL 750.243d; MSA 28.440(4), or the national standards found in the National Fire Protection Association Code, No. 1124 (formerly 44A), because, unlike the state and federal provisions, the ordinance specifically applies to retail stores. 157 Mich App 555-556. [166 Mich App 601.]

This Court granted leave to appeal,[26] and the issues briefed and addressed at oral arguments were: 1) whether the constitutional challenge was precluded by the doctrine of collateral estoppel because of the final judgment in the 1982 civil case that involved the same parties, 2) whether the fireworks ordinance is consistent with the Michigan fireworks act, and 3) whether there is a rational basis for the ordinance.

II

While we agree with the dissent that the defen-

---

[26] The city appealed, arguing that the 1982 judgment in the prior litigation between the parties precluded relitigation of the same issue in this case and that, if the Court did reach the merits, the ordinance is valid and does not conflict with state law and is rationally related to protecting the health and safety of the people of Detroit and therefore constitutional.

dant was not precluded from raising the issue whether the ordinance was valid in 1984, we disagree with the basis for the dissent's conclusion, that is, that a ruling made on a summary disposition motion[27] in a forfeiture proceeding, by its very nature, cannot have a binding effect.[28] There is no support for the application in this case of the proposition that the nature of the prior proceed-

---

[27] A judgment is considered a determination of the merits, and thereby triggers the doctrine of collateral estoppel on relitigation, even if the action has been resolved by a summary disposition, see, e.g., *Detroit v Nortown Theatre, Inc,* 116 Mich App 386; 323 NW2d 411 (1982). In fact,

> "[i]t would be strange indeed if a summary judgment could not have collateral estoppel effect. This would reduce the utility of this modern device to zero . . . . Indeed, a more positive adjudication is hard to imagine." [18 Wright, Miller & Cooper, Federal Practice & Procedure, § 4444, p 392, n 2, citing *Exhibitors Poster Exchange, Inc v National Screen Serv Corp,* 421 F2d 1313, 1319 (CA 5, 1970).]

Thus, it is not surprising that the dissent fails to cite any legal authority whatsoever to support this strange contention, and we believe the Court should continue to recognize that, for purposes of collateral estoppel, a ruling rendered on a summary judgment motion will be considered a final disposition on the merits.

[28] The dissent would find:

> *We agree with the Court of Appeals that the decision of the Court of Appeals in the 1982 Wayne Circuit Court litigation does not control the disposition of this appeal.* Qualls is not precluded from defending, on the basis that the one-hundred-pound storage requirement is invalid, against the charge that he committed a misdemeanor in storing more than one hundred pounds of fireworks. [*Post,* p 373. Emphasis added.]

The dissent incorrectly characterizes the Court of Appeals opinion as one which addresses an appeal of the 1982 ruling; however, the defendant never appealed Judge Hausner's 1982 ruling.

We note that this situation is not one in which the forfeiture proceeding and the criminal prosecution involve the same goods, and the issue becomes whether an acquittal on criminal charges has any effect on forfeiture. See *United States v One Assortment of 89 Firearms,* 465 US 354; 104 S Ct 1099; 79 L Ed 2d 361 (1984); *One Lot Emerald Cut Stones v United States,* 409 US 22; 93 S Ct 489; 34 L Ed 2d 438 (1972).

ings prevents application of estoppel in the subsequent suit.[29]

Appropriate resolution of the collateral estoppel question turns not on whether the inquiring court characterizes the first proceeding as summary, but rather upon a finding that in the prior proceeding the issue of fact or law was actually litigated and actually determined by a valid and final judgment, and that the determination was essential to the final judgment.[30] 1 Restatement Judgments, 2d, § 27, p 250. Among the requirements courts have set out in order that collateral estoppel may apply are the following:

> The issue to be concluded must be the same as that involved in the prior action. In the prior action, the issue must have been raised and litigated, and actually adjudged. The issue must have been material and relevant to the disposition of the prior action. The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. [1B Moore, Federal Practice, ¶ 0.443[1], p 759.]

The city is asserting collateral estoppel as a defense, and therefore, it is its burden to persuade the Court that the defendant was precluded from

---

[29] A judgment in an equitable action may be pleaded in a suit for money damages, or a judgment in a criminal proceeding can be pleaded in a civil case. In fact, a judgment of an administrative agency may sometimes be pleaded as an estoppel in an action in the district court. *United States v Karlen,* 645 F2d 635 (CA 8, 1981).

Further, as the United States Supreme Court has recognized, there is no rule that the doctrine of collateral estoppel is made inapplicable per se by the fact that the subsequent proceeding involved a criminal case, even though the prior proceedings were civil in character. *Yates v United States,* 354 US 298; 77 S Ct 1064; 1 L Ed 2d 1356 (1957).

[30] It is a flexible judge-made rule generally said to have three purposes: To "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication," *Allen v McCurry,* 449 US 90, 94; 101 S Ct 411; 66 L Ed 2d 308 (1980).

raising the issue that the storage provision in the
ordinance was invalid as an affirmative defense in
1984 in the 36th District Court.[31]

The issue in 1982 concerned forfeiture of fire-
works seized by the city in 1979, which the city
alleged were sold illegally at defendant's place of
business. The court ruled that the ordinance, inso-
far as it related to the sale and storage of fire-
works for retail sale, was valid. The court also
issued an order that the storage provision should
be construed to mean that a retailer could store up
to one hundred pounds of fireworks in any combi-
nation of class B and class C. It has never been
established whether the fireworks which were con-
fiscated in 1979 were class B or C, or whether the
determination that the storage provision in the
ordinance was valid was essential to the final
judgment. In fact, the record indicates that some
of the fireworks were returned to the defendant on
the basis of what types of fireworks the items were
and how they were classified under state law, and
not on the basis that the amounts did not exceed
the storage limitation.

In 1984, the city cited the defendant for violat-
ing the one-hundred-pound storage provision in
the ordinance. The defendant asserted that the
storage provision was invalid in that he stored
only US DOT class C common fireworks and that
there was no rational reason for a one-hundred-
pound storage limitation. Thus, the determination
whether the city was authorized to issue a citation
for exceeding the storage limitation in the ordi-
nance was necessary to the judgment whether the

[31] If the answer is yes, we need not reach the question whether the
ordinance was rationally related to public safety under the well-
established principle that we do not determine constitutional ques-
tions if the case may be disposed of without such a determination.
*MacLean v State Bd of Control for Vocational Ed,* 294 Mich 45; 292
NW 662 (1940).

defendant could be prosecuted for violation of the ordinance.

The issue whether the storage provision in the ordinance was valid was raised in 1982. However, the city has failed to persuade this Court that the ruling that the storage provision in the ordinance did not conflict with statutory language and that the limitation was reasonable and a valid exercise of the city's police power[32] was actually litigated and determined and that that determination was necessary and essential to the resulting judgment concerning forfeiture.[33] Therefore, we hold that the defendant was not precluded from raising the issue as an affirmative defense when prosecuted in 1984 in 36th District Court.

Accordingly, we find that the Court of Appeals erred in concluding that Judge Hausner's ruling in 1982 was not significant to resolution of the present case because in 1982 the defendant failed to present any evidence which supported his claim that the ordinance was invalid. If an issue is raised, and the party who has the burden fails in his proof and the issue is decided against him, he is just as much bound by collateral estoppel as though he had presented an abundance of evidence.[34]

In addition, the panel erred in concluding that Judge Hausner's 1986 decision was not significant to resolution of the present case because the ruling addressed only whether the ordinance conflicted with the statute, an issue not before the panel on

[32] The judge held that the one-hundred-pound storage limitation bore a reasonable relation to the city's objective of protecting the safety, health, and welfare of its citizens, representing a valid exercise of the city's police power within the ambit of due process and equal protection. *Shavers v Attorney General*, n 21 *supra*, pp 612-614.

[33] The ordinance prohibited the "storage of fireworks in a place of retail sales . . . to a gross weight of less than one hundred (100) pounds . . . ." Section 19-3-70(b).

[34] *United States v Silliman*, 167 F2d 607, 617 (CA 3, 1948). See 1B Moore, *supra*, ¶ 0.441[2], p 729.

remand.[35] In 1986, Judge Hausner conducted hearings for the purpose of determining whether the provision in the ordinance which required a license to sell and store fireworks which are unrestricted for use in Michigan conflicted with the statutory scheme. MCL 750.243a(3)(a)-(f); MSA 28.440(1)(3)(a)-(f).[36] Thus, that ruling is not significant to resolution of the present case because the court addressed an issue which had never been raised or litigated by the parties in the 1982 proceeding, and not for the reason stated by the panel.

In this case, the city asserted that the defendant was precluded from raising the issue concerning the validity of the storage provision in 1984 by the doctrine of collateral estoppel. We find that the city has not persuaded this Court that the ruling holding the storage provision valid was necessary to the 1982 judgment and, thus, that relitigation of the issue was precluded. Accordingly, we vacate that part of the decision of the Court of Appeals which addresses the collateral estoppel issue.

[35] We note that the panel's discussion, on remand, concerning the rationale employed by the Recorder's Court in concluding the 1982 circuit court's judgment was binding on the 36th District Court in 1984, implies erroneously that in Michigan, under the doctrine of stare decisis, an inferior court is bound by opinions of *any* higher court. However, it is only opinions issued by the Supreme Court and published opinions of the Court of Appeals that have precedential effect under the rule of stare decisis. MCR 7.215(C). Thus, the doctrine of stare decisis has no application regarding the question whether the circuit court judgment was binding on that district court in this case.

[36] Although the temporary injunction entered on July 3, 1985, addressed only the issue whether the city could restrict the sale and storage of fireworks which are unrestricted under state law, Judge Hausner's permanent order also addressed whether the city should permit the defendant to sell and store more than one hundred pounds gross weight of US DOT class C common fireworks only, in accordance with the storage provisions of the statute and in a new facility. *Qualls v Detroit,* No. 85-515546 CZ, complaint for declaratory and injunctive relief, issued June 23, 1986.

III

We also disagree with the dissent that the storage provision in the ordinance conflicts with or is preëmpted by state law. The dissent reasons that the state impliedly permits what it does not prohibit, and thus, since the statute does not prohibit retailers from storing over a specified amount of fireworks, a retailer should be permitted to store any amounts of class C or class B fireworks and any regulation concerning the storage of fireworks by the city would conflict with state law.[37]

What the dissent appears to be saying is that because the state allows storage of greater than one hundred pounds of class C or class B fireworks upon compliance with all of the requirements under the statute, i.e., local approval for storage buildings, distance requirements from railways, highways and inhabited buildings,[38] the city could not limit the amount of fireworks a retailer kept at his place of business, which in this case was a building located less than twenty-five feet from the highway, next to a residential home, and across the street from a gas station.

The conclusion reached by the dissent is not supported in law or in fact. Absent a showing that state law expressly provides that the state's authority to regulate is exclusive,[39] that the nature of the subject matter regulated calls for a uniform

---

[37] The dissent concludes that from a finding that the Legislature intended to exempt a retail dealer "from complying with the storage requirements of the statute in respect to fireworks displayed for sale at retail," it follows that the statute "permits the 'storage' by retailers of class B and class C fireworks in quantities exceeding one hundred pounds . . . ." (*Post,* pp 375, 376.)

[38] MCL 750.243d; MSA 28.440(4).

[39] *Noey v Saginaw,* 271 Mich 595; 261 NW 88 (1935).

state regulatory scheme,[40] or that the ordinance permits what the statute prohibits or prohibits what the state permits,[41]

> The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. . . . The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory, and the only difference between them is that the ordinance goes further in its prohibition but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effec-

[40] *Walsh v River Rouge,* 385 Mich 623, 635, 639; 189 NW2d 318 (1971). In *Walsh v River Rouge* this Court preëmpted a municipal ordinance granting certain emergency powers to the mayor on the basis of a finding that the Legislature intended that the state should retain sole control of the circumstances under which emergency powers would be exercised.

[41] *Miller v Fabius Twp Bd,* 366 Mich 250, 258; 114 NW2d 205 (1962). A municipality cannot pass ordinances that contravene state law, i.e., prohibit that which is permitted by the state, *People v McDaniel,* 303 Mich 90; 5 NW2d 667 (1942), and the enactment of an ordinance which directly conflicts with state law or is part of a field of regulation which the state has intended to preëmpt is prohibited. *People v Llewellyn,* 401 Mich 314; 257 NW2d 902 (1977), cert den 435 US 1008 (1978).

The defendant conceded that state law does not expressly preëmpt local regulation and restriction of fireworks, and argued only that it is clear from the detailed and pervasive statutory control scheme that the Legislature intended to establish uniform, statewide requirements with only certain specified controls being expressly delegated to the local governments, and that the Legislature did not intend to allow municipalities to regulate the sale and storage of fireworks for retail dealers within its locality. *Id.,* p 325, n 12.

tive. [56 Am Jur 2d, Municipal Corporations, § 374,
pp 408-409.]

The only requirement under state law, in regard
to the amount of fireworks a retailer may main-
tain on the premises, is that it be a reasonable
amount. In other words, the municipality retains
reasonable control of fireworks which is such con-
trol as cannot be said to be unreasonable and
inconsistent with regulations established by state
law.[42] *People v McGraw,* 184 Mich 233, 238; 150
NW 836 (1915). This construction allows a munici-
pality to recognize local conditions and enact rules
and regulations peculiarly adapted to such condi-
tions. It would be a strange rule indeed were it
otherwise.

While general problems with reference to fire-
works, i.e., wholesale storage of fireworks for ship-
ment within or out of state, regulation of shipment
within and out of state, and the use of different
classes of fireworks within the state, are statewide
concerns, the retail sale and storage of fireworks
raise concerns that are local in character, i.e., the
location of retailers with respect to densely popu-
lated areas, the number of retailers in an area, the
amount of use of the materials, and the conflict
between the dangers of fireworks and the use of
these materials in the community. As hazardous
materials, the very nature of fireworks lends itself
unquestionably to regulation adapted to local con-
ditions.[43]

Therefore, we reject the rationale employed by

[42] Both the defendant and the dissent have failed to recognize that
it is well established in Michigan that portions of a field not covered
by state law are open to local regulation, and that where the nature
of the regulated subject matter calls for regulation adopted to local
conditions, supplementary local regulation will be upheld, even where
the activity is in fact not local but statewide. *Miller v Fabius Twp Bd,*
n 41, *supra,* pp 257, 259.

[43] See *Alco Universal Inc v City of Flint,* 386 Mich 359; 192 NW2d

the dissent that that which the Legislature does not prohibit, it impliedly permits, and instead find that the storage limitation provision for retailers in the ordinance did not conflict with state law. Accordingly, we affirm that part of the Court of Appeals decision which held the storage provision of the ordinance to be a valid exercise of the police powers of the City of Detroit.

IV

Having found that the state has not preëmpted this area of regulation, we address the issue whether the storage provision in the ordinance is unconstitutional. It is well established in Michigan that ordinances are presumed valid and the burden is on the person challenging the ordinance to rebut the presumption. *People v Sell,* 310 Mich 305; 17 NW2d 193 (1945); *1426 Woodward Ave Corp v Wolff,* 312 Mich 352, 357; 20 NW2d 217 (1945).

In this case, the defendant challenged the constitutionality of the fireworks ordinance[44] after he was charged with violating the storage limitation in 1984, admitting he had approximately four hundred pounds of explosives on the premises, but arguing that he stored only class c common fireworks and the ordinance as related to the storage of these fireworks was not reasonably related to the city's interest in the health, safety, and welfare of its citizens.[45]

---

247 (1971) (home rule government is based on the theory that local governments are in the best position to assess needs and desires of a community).

[44] The ordinance prohibited the "storage of fireworks in a place of retail sales . . . to a gross weight of less than one hundred pounds."

[45] The plaintiff never conceded, as the 36th District Court noted, that "there is no question but these were class [c] fireworks which were stored on [defendant's] premises" when he was issued a citation for violation of the ordinance in 1984.

In analyzing claims involving due process and equal protection challenges to statutory schemes, courts first determine the type of matters to which the governmental action relates. When the action relates to matters of economics or general social welfare, the test to determine whether the law comports with due process is whether it bears a reasonable relation to a legitimate governmental purpose. In this case, the defendant's claim is that the ordinance interferes with his business, and, thus, because it regulates an economic matter, the ordinance need only rationally relate to a legitimate governmental purpose.[46]

The city asserts that the purpose of the storage limitation is to prevent fire and explosions and, thus, to protect the safety of the people, homes, and businesses in the city. This is clearly a legitimate purpose, and a limitation on the amounts of fireworks which a retail establishment can store within a city bears a rational relationship to public safety.

The defendant does not argue that the ordinance is unconstitutional on its face. Instead, the defendant asserts that it is unconstitutional as applied to him on the basis that he stores only US DOT class C common fireworks on the premises and that there is no danger in storing those types of fireworks in amounts exceeding one hundred pounds. The 36th District Court agreed with the defendant that the ordinance was unconstitutional as it applied to him because the city could not rebut the defendant's expert's testimony that class C fireworks stored alone were not dangerous, nor could it prove that the defendant stored both class B and

---

[46] Further, although the defendant also raises an equal protection claim, where the law does not classify individuals, the test will be the same as under the due process guarantee. Nowak, Rotunda & Young, Constitutional Law (3d ed), ch 14, § 14.2, p 525.

class c fireworks. The court concluded the storage limitation, indeed, was "not reasonably related to the City's interest in the health, safety, and welfare of its citizens," and was "an arbitrary and unreasonable deprivation of the defendant's property."[47]

However, the lower court erred in failing to recognize that it was defendant's burden to rebut the presumption that there was a rational basis for the storage provision in the fireworks ordinance which limited retailers, who under state law need a permit to sell and store class b fireworks for shipment directly out of state, to storage of one hundred pounds of fireworks, in any combination or class,[48] and that

> in the face of a due process or equal protection challenge, "where the legislative judgment is drawn in question," a court's inquiry "must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it." *United States v Carolene Products Co*, 304 US 144, 154; 58 S Ct 778; 82 L Ed 1234 (1938). A corollary to this rule is that where the legislative judgment *is supported by "any state of facts either known or which could reasonably be assumed,"* although such facts may be "debatable," the legislative judgment must be accepted. *Carolene Products Co v Thompson,* 276 Mich 172, 178; 267 NW 608 (1936). [*Shavers, supra,* pp 613-614. Emphasis in original.][49]

[47] A court only examines a due process or equal protection claim concerning a regulation in light of the effects on one individual, or a certain group of individuals in very limited circumstances, as for example, when testing legislation as it affects the handicapped or the aged. Tribe, American Constitutional Law (2d ed), § 16-31, pp 1597-1601.

[48] See n 43.

[49] The test whether an ordinance enacted pursuant to the police power comports with equal protection is, essentially, the same as

Thus, whether the defendant did, or did not, store class B fireworks was not determinative of the constitutional question. When asked whether amounts over one hundred pounds represented a danger from fire or explosion to persons outside the building, the expert testified, that if

> [p]roperly *situated* within the building, that quantity of material *could* be stored without posing any hazard to people external . . . . I would strongly recommend that if one had a thousand pounds of gross weight, . . . to separate the cases so not all . . . would be involved in a fire at any one time . . . . [Emphasis added.]

Further, the danger of storing mixed fireworks in amounts over one hundred pounds was sufficient justification for the storage limitation in the ordinance. The record supports the city's claim that it was not unusual for dealers to mix class B and class C fireworks and that, when mixed, the fireworks are more likely to explode. The defendant's expert testified that there is a greater hazard involved in the storage of class B fireworks, and also that his assumption that the defendant stored only class C fireworks was based on information from the defendant. In fact, the defendant's expert testified he saw items which looked like class B fireworks when he was on the defendant's premises. In fact, contrary to the defendant's claims, the expert witness did not state that the storage of only class C fireworks in any amounts stored alone was not dangerous.

Thus, the city's storage limitation of one hun-

[t]he test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective. [*Shavers, supra,* p 612. See *Michigan Canners v Agricultural Bd,* 397 Mich 337, 343-344; 245 NW2d 1 (1976).]

dred pounds was rationally related to a legitimate objective in light of the following: state law permitted the sale and storage of class B fireworks without a permit, it was not uncommon for retailers to store both class C and B fireworks, the defendant himself admitted he sometimes had both types on the premises, and the expert witness testified that storage in amounts over one hundred pounds is hazardous if fireworks are mixed.

Thus, on the basis of the "facts either known or which could reasonably be assumed" the city's judgment must be accepted, and, therefore, we find the storage provision in the ordinance is rationally related to public safety.

Accordingly, we vacate the decision of the Court of Appeals affirming the 36th District Court's finding that the ordinance was unconstitutional.

### CONCLUSION

The defendant was not precluded from relitigating in 1984 the issue whether the ordinance was valid, insofar as it restricted the storage of fireworks by retailers to one hundred pounds or less, because the city has not persuaded this Court that the ruling that the ordinance was valid was actually litigated and determined in the prior proceeding and was essential to the judgment issued in 1982.

The Court of Appeals was correct in finding that the storage provision in the ordinance did not conflict with the storage limitations in the statute. However, we find that the Court erred in affirming the decision in 36th District Court that the ordinance was not rationally related to public safety and thus was unconstitutional.

Accordingly, we affirm the decision of the Court of Appeals that the storage provision in the ordi-

nance did not conflict with the Michigan fireworks act. We vacate that portion of the opinion which addresses the collateral estoppel issue and the decision affirming the 36th District Court's dismissal of the misdemeanor charge upon the basis of its determination that the ordinance was unconstitutional.

This legal tug of war has generated a decade of litigation between these parties. It may well be that the Court of Appeals will sustain the ruling of the able trial judge who has lived with this situation for years, but we do not yet know that that is so. To avoid the possibility of setting off another round of fireworks below, we stay the effect of judgment in this case pending resolution of the cases now pending in the Court of Appeals.

RILEY, C.J., and BRICKLEY, ARCHER, and GRIFFIN, JJ., concurred with BOYLE, J.

LEVIN, J. (*dissenting*). Glen R. Qualls was charged on July 2, 1984, with the misdemeanor of violating a Detroit fireworks ordinance requiring that "[t]he storage of fireworks in a place of retail sales shall be limited to gross weight of less than one hundred (100) pounds . . . ."[1]

---

[1]  Sec. 19-3-70. Storage of fireworks.

(a) Permit required fee. Storage of fireworks allowed to be sold under this division shall be allowed only after issuance of a permit indicating that the place of storage is approved by the fire marshal.

(b) *Retail sales. The storage of fireworks in a place of retail sales shall be limited to a gross weight of less than one hundred (100) pounds* and shall be stored in a Type 2 Indoor Magazine. Places of storage other than retail sales shall meet the minimum requirements of Pamphlet 44A (Manufacture, Transportation and Storage of Fireworks) of the National Fire Protection Association. Percent of the permitted storage amount in a place of retail sales shall be on display. All fireworks in places of retail sales shall be returned to the magazine at the end of the business day. [Fireworks Ordinance of the City of Detroit; Ordinance 314-H, as amended, Municipal Code, § 19-3-70. Emphasis added.]

The district court dismissed the charge on December 11, 1984, after an evidentiary hearing at which an expert witness testified concerning the danger of explosion of various quantities of class B and class C fireworks, on the ground that the one-hundred-pound limitation is not reasonably related to the city's interest in the health, safety, and welfare of the citizenry. The charge was reinstated by the Detroit Recorder's Court on the ground that the district court was bound by a 1982 judgment of the Wayne Circuit Court declaring that the one-hundred-pound limitation was constitutional.

The Court of Appeals, on further appeal,[2] rejected Qualls' argument that the storage provision of the ordinance was in conflict with the storage provision of the state fireworks statute which provides that "[t]he storage of fireworks at the site of a wholesaler, dealer or jobber, *except for a retailer who has goods on hand for sale to the public in a supervised display area,* shall be as" thereafter set forth in the ordinance.[3] (Emphasis added.)

---

[2] *People v Qualls,* 157 Mich App 552; 403 NW2d 594 (1987).

[3] The storage of fireworks at the site of a wholesaler, *dealer,* or jobber, except for a retailer who has goods on hand for sale to the public in a supervised display area, shall be as follows:

(a) In a 1 story, noncombustible building without a basement, which building is weather resistant, well ventilated, and equipped with a strong door kept securely locked except when open for business.

(b) The location of the storage building shall be approved by the local governing authority having jurisdiction, and shall be located not less than the following distances from inhabited buildings, passenger railroads, and public highways according to the number of pounds of fireworks stored, rounded to the nearest pound:

| Net Weight of Fireworks | Distance From Passenger Railways and Public Highways | | Distance From Inhabited Buildings | |
|---|---|---|---|---|
| | Class C Fireworks | Class B Fireworks | Class C Fireworks | Class B Fireworks |
| Pounds | Feet | Feet | Feet | Feet |
| 100 or less | 25 | 200 | 50 | 200 |
| 101 to 200 | 30 | 200 | 60 | 200 |

This Court vacated the judgment of the Court of Appeals and remanded the cause to that Court for an expanded opinion.[4]

|  |  |  |  |  |
|---|---|---|---|---|
| 201 to 400 | 35 | 200 | 70 | 200 |
| 401 to 600 | 40 | 200 | 80 | 208 |
| 601 to 800 | 45 | 200 | 90 | 252 |
| 801 to 1,000 | 50 | 200 | 100 | 292 |
| 1,001 to 2,000 | 58 | 230 | 115 | 459 |
| 2,001 to 3,000 | 62 | 296 | 124 | 592 |
| 3,001 to 4,000 | 65 | 352 | 130 | 704 |
| 4,001 to 5,000 | 68 | 400 | 135 | 800 |
| 5,001 to 6,000 | 70 | 441 | 139 | 882 |
| 6,001 to 8,000 | 73 | 509 | 140 | 1,018 |
| 8,001 to 10,000 | 75 | 565 | 150 | 1,129 |

[The figures for 10,001 to 200,000 are omitted.]

|  |  |  |  |  |
|---|---|---|---|---|
| 200,001 or more | 110 | 1,765 | 220 | 3,530 |

(c) A person shall not cause or allow smoking, matches, open flames, spark producing devices, or firearms inside of or within 50 feet of a building used for the storage of fireworks. A person shall not store combustible materials within 50 feet of a building used for the storage of fireworks.

(d) The interior of a building used for the storage of fireworks shall be kept clean and free from debris and empty containers. A person shall not use a building used for the storage of fireworks for the storage of any metal tools or any commodity other than fireworks.

(e) A person shall not provide a building used for the storage of fireworks with heat or lights, except that if lights are necessary, an electric safety flashlight or safety lantern shall be used.

(f) A building used for the storage of fireworks shall bear lettering on each side and top in letters not less than 4 inches high, the words "explosives—keep fire away."

(g) A building used for the storage of fireworks shall be under the supervision of a competent person, who shall be not less than 18 years of age.

(h) In addition to the requirements of subdivision (b), salutes that do not qualify as class c fireworks shall be considered to be hazardous material and shall be stored in accordance with rules for the storage and handling of hazardous material promulgated under section 3c of Act No. 207 of the Public Acts of 1941, as amended, being section 29.3c of the Michigan Compiled Laws. [1980 PA 422, MCL 750.243d; MSA 28.440(4). Emphasis added.]

[4] In lieu of granting leave to appeal, the judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for an expanded opinion. MCR 7.302(F)(1). On remand,

On remand, the Court of Appeals said that it could not, after review of the evidentiary record made in the district court, find clear error in the district judge's finding that the storage provision of the ordinance was unconstitutional because it was " 'not rationally related to any interest in the safety and health to the citizens of Detroit.' "[5]

The Court of Appeals, as required by the order of remand, considered the significance of the 1982 Wayne Circuit Court proceedings. It said that the Recorder's Court had erred in holding that the district court was bound by the Wayne Circuit Court judgment sustaining the validity of the one-hundred-pound limitation.[6] It concluded that those "abbreviated proceedings" were of "no significance" in the resolution of "the constitutional issue at bar."[7]

---

the Court of Appeals shall address (a) the content and the significance, if any, of the factual record made in the 36th District Court, (b) the significance, if any, of the proceedings in Wayne Circuit Court files 81-129784-CZ and 85-515546-CZ (including any resolution of the pending appeals in the latter case), and (c) the rationale employed by the Detroit Recorder's Court in its decision to reverse in part the judgment of the 36th District Court and remand this case for trial. Jurisdiction is not retained. [*People v Qualls,* 428 Mich 918-919 (1987).]

[5] The Court said that it would not disturb those findings or the judge's "conclusion that the ordinance, to the extent that it limits the retail storage of class c fireworks to one hundred pounds gross weight, is unconstitutional." *People v Qualls (On Remand),* 166 Mich App 587, 597, 599; 421 NW2d 248 (1988).

[6] The Court of Appeals said:

In light of these statutory changes, we believe that the rationale of the Recorder's Court in this case recited in support of its decision to reverse in part the judgment of the 36th District Court—i.e., that a circuit court judgment upholding the constitutionality of the challenged fireworks ordinance operated as binding precedent on the Recorder's Court—is incorrect. [*Id.,* p 593.]

[7] The Court of Appeals also concluded that the subsequent 1986 Wayne Circuit Court proceedings were of no significance to the

The Court of Appeals affirmed the decision of the district court dismissing the charge.

We agree with the Court of Appeals that the decision of the Court of Appeals in the 1982 Wayne Circuit Court litigation does not control the disposition of this appeal. Qualls is not precluded from defending, on the basis that the one-hundred-pound storage requirement is invalid, against the charge that he committed a misdemeanor in storing more than one hundred pounds of fireworks.

We conclude that there is conflict between the one-hundred-pound storage limitation of the ordinance and the storage provision of the statute. We, therefore, agree, although on different grounds, with the conclusion of the Court of Appeals that the one-hundred-pound limitation is invalid. There is, therefore, no need to consider whether there is a rational relationship between the one-hundred-pound limitation and public safety, health, and welfare.

---

resolution of the "constitutional issue at bar" because the Court of Appeals adhered to the view expressed in its 1987 opinion that the Detroit Fireworks Ordinance was not in conflict with either the statute or the pertinent national standards (National Fire Protection Association Code, No. 1124) because, unlike the state and federal provisions, the ordinance specifically applies to retail stores. *Id.,* p 601.

The Court, in its 1988 opinion (*People v Qualls [On Remand]*, n 5 *supra,* p 601), referred to its 1987 opinion (*People v Qualls,* n 2 *supra,* p 556) where the Court had declared:

In the present case, the city fireworks ordinance refers to gross weight, though the state statute and national standards use net weight. As a result, the maximum weight of fireworks a person may stock is substantially lower under the ordinance than under the other two provisions.

We hold that the Detroit fireworks ordinance is not in direct conflict with either the state statute or the national standards. The state statute applies to wholesalers, dealers, and jobbers. It was specifically amended to except retailers in 1980. The national standards apply to process buildings, magazines, and storage buildings. The ordinance applies to retail stores.

I

The fireworks statute, before it was amended in 1980 by the addition of the words "except for a retailer who has goods on hand for sale to the public in a supervised display area," required the storage of fireworks at the site of a wholesaler, *dealer,* or jobber to be in accordance with provisions there set forth.[8]

The Attorney General provided an opinion in August, 1979, that the storage requirements of the statute applied to a person who sells goods at retail because a person who sells goods at retail is a "dealer" within the meaning of that term as used in the statute. The Attorney General went on to say that "the *display* of fireworks for sale at retail" need not "be made in a facility which meets the stringent requirements for the *storage* of fireworks" because the term "storage" did not apply to "goods or merchandise on hand for immediate sale and disposition." (Emphasis supplied.) He concluded that the provisions of the statute concerning the storage of fireworks did not apply "to the displaying of fireworks for sale by a retailer," but "observed that the quantity which is displayed for retail sale should be limited to a reasonable amount so as not to constitute the storage of fireworks."[9]

The enactment of the 1980 amendment of the fireworks statute, excepting from the storage requirements of the statute a retailer who has "goods on hand for sale to the public in a supervised display area," was prompted by continued efforts in some counties, despite the opinion of the Attorney General, to apply the storage require-

[8] See n 3 for text.

[9] OAG, 1979-1980, No 5536, pp 335, 336-337 (August 9, 1979).

ments to fireworks on display for sale at retail.[10]
The purpose of the 1980 amendment was to expressly set forth that retailers of fireworks were relieved from complying with the storage requirements of the statute in respect to fireworks displayed for sale at retail.

The city contends that there is no inconsistency between the storage requirements of the ordinance and of the statute "because state law [statute] pertains to limits on wholesale dealers, while the Ordinance applies to retail dealers." The 1980 amendment, excepting from the storage provisions of the statute only goods held by a retailer on hand for sale to the public in a supervised display area, appears to confirm the view expressed by the Attorney General that the storage provisions of the statute apply to retailers when they "store" fireworks and are not displaying them for sale at retail.

---

[10] The Legislative Service Bureau Analysis of the 1980 amendment states:

> The Michigan Penal Code establishes certain requirements for the storage of fireworks at the site of a "wholesaler, dealer, or jobber," which include regulations governing the type of building within which fireworks may be stored, the location of such a building, and the distance which such a building must be from railways, highways, and other buildings. Violation of these requirements is a misdemeanor. In opinion no. 5536 issued August 9, 1979, the attorney general held that while a retailer must comply with these regulations when *storing* fireworks, the requirements do not apply to the *display of fireworks for sale at retail.* Despite this ruling, prosecutors in some counties reportedly continue to hold that the penal code's storage requirements apply to fireworks on display for sale at retail. There are those who believe that the application of fireworks storage requirements to retailers imposes unreasonable hardships, particularly given that retail outlets have to meet local fire codes which should provide adequate protection to the public without additional regulations. Thus, they would like to see the law clarified to exempt retailers who have fireworks on display for sale to the public from these requirements. [House Legislative Analysis, SB 1095, December 4, 1980. Emphasis added.]

The statute[11] thus permits the "storage" by retailers of class B and class C fireworks in quantities exceeding one hundred pounds upon compliance with the provisions of the statute. The ordinance, however, provides that the storage of fireworks in a place of retail sales is limited to a gross weight of less than one hundred pounds.[12] The one-hundred-pound limitation is therefore preëmpted by the statute and is invalid.[13]

The city's argument ignores that the purpose of the 1980 amendment was to relieve retailers of what some regarded as the "unreasonable hardships"[14] posed by the storage requirements set forth in the statute when applied with respect to fireworks on hand for sale to the public in a supervised display area.

## II

In an action commenced by the city against Qualls in July, 1981, a Wayne circuit judge entered a judgment in 1982, two years before the charges in the instant case were lodged,[15] declaring that "the storage for retail sale of fireworks, is a valid exercise of the City's power, and the State of Michigan has not preëmpted this area of legislation and regulation, and the ordinance in that respect is valid and enforceable."[16] Qualls did not appeal.

Ordinarily, the doctrines of res judicata or collateral estoppel would bar Qualls from relitigating

[11] See n 3 for text.

[12] See n 1 for text.

[13] See *Walsh v River Rouge,* 385 Mich 623, 637; 189 NW2d 318 (1971).

[14] See n 10.

[15] The Wayne Circuit Court judgment was entered May 14, 1982. The instant prosecution was commenced on July 2, 1984.

[16] The action was commenced by a complaint for forfeiture of a quantity of fireworks as contraband.

in another civil action the question decided in the 1982 action. The Court of Appeals held that Qualls was not precluded because the 1982 decision "was premised on the failure of defendant to present any testimonial or other evidence to establish the invalidity of the fireworks ordinance," and subsequently an extensive record had been generated by Qualls' expert witness regarding the safety of the retail storage of more than one hundred pounds gross weight of class c or common fireworks. The Court of Appeals concluded on that basis that the "abbreviated" 1982 proceedings should be of no significance in the resolution of the "constitutional issue at bar."[17]

Because we agree with the Court of Appeals that the storage requirement is invalid, not on the basis that there is not a rational relationship between the one-hundred-pound storage requirement and the protection of public health, safety, and welfare, but on the basis that the storage requirement of the ordinance conflicts with the statute, as amended in 1980, the basis on which the Court of Appeals found that the 1982 judgment was not controlling is not in point. We conclude, however, that the 1982 judgment, entered following the "abbreviated proceedings," should not, as a matter of policy,[18] preclude Qualls from defending on the ground that the ordinance is invalid because it conflicts with the statute, as amended, against the

---

[17] *People v Qualls (On Remand),* n 5 *supra,* pp 599-600, 601.

[18] Exceptions to the General Rule of Issue Preclusion.

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

(1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or

(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determina-

charge that he committed a misdemeanor[19] when he violated the ordinance.

A question of public importance is presented for the first time in this Court concerning the validity of an ordinance imposing limitations on the storage of fireworks in light of a state fireworks statute imposing different limitations on the storage of fireworks. The question having been presented, pursuant to this Court's grant of leave to appeal, it should be addressed on the merits in recognition of the difficulty faced by any litigant who might seek

tion is warranted in order to take account of an intervening change in the applicable legal context or otherwise to *avoid inequitable administration of the laws*; or

(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or

(5) There is a clear and convincing need for a new determination of the issue (a) *because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action,* (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary *or other special circumstances,* did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action. [Restatement Judgments, 2d, § 28, pp 273-274. Emphasis added.]

Cf. *Pike v City of Wyoming,* 431 Mich 589, 598-599, 608; 433 NW2d 768 (1988).

[19] It has been said:

That a civil judgment against a defendant does not preclude his relitigating the same fact issues when they arise in a subsequent criminal prosecution, see, e.g., *United States v Casale Car Leasing, Inc,* 385 F2d 707 (CA 2, 1967); *United States v Koenig,* 388 F Supp 670 (SD NY, 1974). Cf. *McKinney v Alabama,* 424 US 669; 96 S Ct 1189; 47 L Ed 2d 387 (1976). [Restatement Judgments, 2d, § 85, comment h, p 303.]

a ruling by this Court, particularly in regard to a determination, on summary disposition following abbreviated proceedings respecting the validity of an ordinance, entered in the context of litigation concerning the forfeiture of a relatively small quantity of fireworks.[20]

CAVANAGH, J., concurred with LEVIN, J.

---

[20] See subsection (5) ("incentive" to litigate) of § 28 of the Restatement of Judgments, 2d, n 18 *supra*. See, however, *United States v Baltimore & O R Co,* 229 US 244, 253-254; 33 S Ct 850; 57 L Ed 1169 (1913), holding that a prior decree in an equity action refusing to enjoin the replacement of a bridge over the Ohio river was "res judicata as to the facts averred in the indictment and as decisive of the question, that in the absence of changed conditions the bridge in question was not subject to the act of 1899," and that the trial judge correctly directed a verdict of not guilty in a criminal prosecution for refusing to alter the bridge.

See also *Washington Twp v Gould,* 39 NJ 527; 189 A2d 697 (1963), holding that a trailer-park operator prosecuted for expanding a nonconforming use in violation of a zoning ordinance was "estopped," from challenging or raising as a defense to the prosecution the constitutionality of the provisions of the ordinance respecting trailer parks, by prior litigation which was terminated by entry of a judgment based on the stipulation of the parties allowing the trailer-park operator to continue to operate his trailer park with thirty-five spaces as a nonconforming use and which barred expansion except as provided by law and upon application to local officials and agencies.